RUTH NICHOLSON *v.* TWIN STATE FRUIT CORPORATION.

November Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 5, 1943.

*Raymond Trainor* for the defendant.

*Alban J. Parker* and *Earle C. Gordon, Jr.* for the plaintiff.

BUTTLES, J. In this tort action the plaintiff seeks to recover for personal injuries and property damage suffered when a truck owned by the defendant and driven by its servant and agent, Hunt, collided with the plaintiff's DeSoto sedan on Feb. 26, 1940. Soon after five o'clock in the afternoon the plaintiff started to drive north from White River Junction to Norwich, Vermont, over route number five. It was a clear cold day. After passing Demar's mill she entered upon a level strip of road or flat which extended for several hundred yards to the Coburn place, so-called. Across this flat the view was unobstructed. About midway, as would appear from the photographs which are in evidence, there was a strip of the road about 300 feet long where the easterly side was obstructed by drifted snow. On the westerly side a bank of snow had been formed by plowing out the road, so that only about fourteen feet of the width of the road was available for traffic.

As the plaintiff approached this narrow place she saw the defendant's truck coming in the opposite direction. At first, as she testified, she thought she would have time to go through the narrow place before the truck reached it but then decided that they might meet in the middle of it and so she drove the car into the end of the drift where the car stopped. The driver of the truck, in order to avoid a collision, as he says, pulled it sharply to his right with the intention of going through the fence into the adjoining field which was somewhat lower than the highway. His front wheels went through the banked snow without trouble, but when the rear wheels struck this bank it appears that they skidded southerly and the left rear corner of the truck body struck the left side of the plaintiff's car causing the damage here complained of. From a point just back of the left windshield post to the rear of the car the left side of the body was practically demolished. The truck finally tipped over and came to rest on its left side headed northwesterly with the front wheels through the fence into the field and the rear end near the edge of the road.

In the trial court verdict and judgment were for the plaintiff. In this Court the defendant has briefed an exception to the denial of its timely motion for a directed verdict. Such exception is set

forth in the bill of exceptions only as it appears in the transcript, which is referred to in the bill of exceptions and made a part thereof and made controlling as to the exceptions taken and allowed. The grounds of the motion upon which the defendant relies are in brief: (1) that there is no sufficient evidence of negligence on the part of the defendant, or (2) of freedom of the plaintiff from contributory negligence; (3) that the evidence discloses nothing more than an unavoidable accident, and (4) that the evidence discloses a proper case for application of the emergency doctrine, and when it is so applied no negligence on the part of the defendant can properly be found. Obviously the third and fourth grounds are subordinate to the first two.

■ In passing upon this motion the evidence must be taken in the light most favorable to the plaintiff and the ruling of the trial court sustained if the evidence, so viewed, fairly and reasonably tends to support the verdict. *Tinney* v. *Crosby,* 112 Vt 95, 101, 22 A2d 145; *Picknell* v. *Bean,* 99 Vt 39, 41, 130 A 578. From the evidence so considered it was open to the jury to find the following facts. The surface of the road across the flat, particularly at and near the place of the accident, was very slippery. It was icy with some snow on top. Both drivers were quite familiar with the road and its condition and both of them had driven over it in opposite directions on the morning of the day of the accident. The condition of the road did not change materially during the day. Hunt testified that he was driving 25 to 30 miles per hour as he approached the drifted place. There was no evidence that he reduced that speed before attempting to turn out of the road. The plaintiff testified that she saw the truck coming quite fast. She testified that her own speed did not exceed 25 miles per hour at any point after leaving Demar's place; that she applied her brakes three or four car lengths before reaching the drift but released them as she went into it. Both Hunt and Levesque, who was with him in the truck, testified that they saw the plaintiff approaching very slowly. They both testified, also, that as the plaintiff stopped in the drift the rear of her car skidded across the road making it impossible for the truck to pass in the way that was open. The plaintiff testified that she remembered nothing after driving into the drift and did not testify directly one way or the other as to her car's skidding but now contends that it did not skid as claimed by the defendant.

In the view we take of the case this question does not affect the conclusion that we reach.

■■ The acts of alleged negligence of the defendant's driver upon which the plaintiff relies are excessive speed, failure to have and keep control of the truck and failure to keep an adequate lookout. There is no fixed standard by which it can be determined as a matter of law whether a certain rate of speed at which a car was driven was negligence. It must necessarily depend upon the circumstances of each particular case. *Sulham* v. *Bernasconi,* 106 Vt 192, 198, 170 A 913; *Chaffee* v. *Duclos,* 105 Vt 384, 386, 166 A 2. Ordinary care required the truck driver to have his machine under reasonable control so as to avoid injury to other travelers on the highway, and that reasonable control required that the speed should be reasonable under the circumstances. *Williamson* v. *Clark,* 103 Vt 288, 291, 153 A 448; *Adams* v. *Averill,* 87 Vt 230, 234, 88 A 738. It is also said in the Williamson case at page 292 of 103 Vt quoting with approval from *Lorah* v. *Rinehart,* 243 Pa 231, 234, 89 A 967, 968: "The very purpose in running slowly is to enable the driver to bring the automobile quickly to a halt in case of an emergency. The test of control is the ability to stop quickly and easily."

The defendant's servant was driving a truck which was 10 feet high, 7 feet wide and 21 feet long and weighed 8760 pounds; he admits seeing the other vehicle after he passed Coburn's corner; he is charged with knowledge of the very slippery condition of the highway and of the strip of road that was narrowed by the snowdrift; by his own admission he was going 25 or 30 miles per hour when he approached the drifted place and that his speed was not thereafter reduced is strongly suggested by the fact that he struck the stationary car with sufficient force to demolish its left side and to drive it across the road and propel it for a distance of some 85 feet. He testified that he started to turn out of the road when he was 50 feet distant from the stationary car because he then knew that he could not stop in time to avoid hitting it. From these facts it is clear that the jury could properly find that he was guilty of negligence which was a proximate cause of plaintiff's injury.

The question of contributory negligence on the part of the plaintiff stands differently. While she was charged with the same knowledge of the road conditions as the defendant's driver and had seen the truck while both vehicles were still some distance

from the place of special danger, yet it appears by undisputed evidence that she approached that place very slowly and brought her car to a stop by driving it into the snow before the accident occurred and just as she came to the narrowed place in the road. At that place the available roadway was 14 feet wide and it appears from the width of the vehicles and from the admission of the defendant's driver that there would be room for him to pass in safety if the rear of her car did not skid. South of that place the available roadway was somewhat wider and of course she might have stopped sooner than she did, thus giving Hunt more room to pass and a better opportunity to avert an accident if her car should skid, but it cannot be said that if she had done so there would have been no accident.

 If her car skidded that fact alone does not constitute conclusive evidence of negligence. *Johnson* v. *Burke,* 108 Vt 164, 167, 183 A 495; *L'Ecuyer* v. *Farnsworth,* 106 Vt 180, 182, 170 A 677; *Williamson* v. *Clark,* 103 Vt 288, 291, 153 A 448. It follows that mere failure to anticipate the possibility of skidding did not as a matter of law establish contributory negligence under the circumstances here disclosed. The fact that in this instance the surface of the road, which was a state numbered highway, sloped slightly to the west was merely a circumstance to be considered by the jury with the other circumstances. It cannot be said that under all the evidence considered in the light most favorable to her she was guilty of contributory negligence as a matter of law.

What we have already said makes it unnecessary to discuss the two subordinate grounds of the defendant's motion to which we have hereinbefore referred. There was no error in the denial of that motion.

*Judgment affirmed.*