HOWARD REID *v.* ELIGIO ABBIATTI.

February Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed May 4, 1943.

*John Molla* for the defendant.

*Jose M. Monti* for the plaintiff.

JEFFORDS, J. This is an action of tort for property damage
sustained in an automobile accident. Trial was by jury with a re-
sulting verdict and judgment for the plaintiff. The case is here
on defendant's exceptions which are to the refusal of the Court to

grant his motion for a directed verdict; to the refusal of the Court to charge as requested; and to matters of evidence. We will discuss the exceptions in the order named.

The motion was based on the grounds that the plaintiff had failed to show any negligence on the part of the defendant which was a proximate cause of the accident and that the evidence shows, as a matter of law, that the plaintiff was guilty of contributory negligence. In disposing of this question it is necessary to determine what facts the jury might reasonably have found from the evidence viewed in the light most favorable to the plaintiff. So viewed, it appears that on the morning of February 16, 1942, the plaintiff was driving down Hill Street which runs north and south in the city of Barre. The right wheels of his car were on ice and the left wheels on white frost which covered the road in its center and caused that part of the highway to be "greasy." His car was traveling at about twenty miles an hour or slower down a very slight grade. Hill Street intersects Camp Street nearly at a right angle. The plaintiff was very familiar with the route he was taking. As he approached the intersection he looked to see if it was clear. When about fifty feet from it he saw a fire truck of the city of Barre approaching the intersection from his left. This truck was being driven by the defendant. Plaintiff's vision of cars approaching the intersection from his left was obstructed by a house and a tree so that it was impossible for him to see such traffic until his car was from fifty to one hundred feet from the intersection.

When the plaintiff saw the truck he immediately applied his brakes and tried to bring his car to a stop but he lost control of it due to the slippery condition of the road and it skidded along the highway in nearly a straight line until just before it reached the intersection when it turned a little to the right and collided with the fire truck. Several witnesses testified that plaintiff's car left skid marks which according to them extended from fifty to sixty feet along the highway. The plaintiff testified that he did not slow down because he was approaching an intersection. But he also testified, "I was going slow all the time. I didn't have to slow my speed." He did not blow his horn as he approached the intersection.

The fire truck with its bell ringing was responding to an alarm and was traveling faster than plaintiff's car as each approached the intersection. As the truck approached and came into the intersection without a change of speed neither the driver nor the assistant fire chief who was riding on the truck and had charge of it looked to either side but kept their eyes straight ahead. The cars entered the intersection at about the same time. The collision took place a little to plaintiff's right of the center of the intersection. The front of plaintiff's car struck the right rear mud cap on the truck. The truck weighed about eight tons and the force of the impact caused its rear end to swerve around about a foot and jarred loose certain rather heavy articles which were on the truck as a part of its equipment.

It is very clear that a jury question was presented as to the negligence of the defendant. It is true that by virtue of the provisions of sub. div. II of sec. 5110 of the Public Laws the fire truck had the right of way at the intersection but it is also provided in sub. div. III of that section that "All intersecting highways shall be approached and entered slowly and with due care to avoid accident." This latter provision applies to the operator of a vehicle of any kind. *Ferraro* v. *Earle*, 105 Vt 243, 248, 164 A 886, 888. The situation in the present case in respect to the question now under consideration is very similar to that in the Ferraro case. In that case, it is true, the fire truck entered the intersection with a red traffic light against it but here the defendant's view to his right was obstructed until he was nearly in the intersection. Both situations presented hazards to be taken into consideration by the respective drivers. The following language used in the Ferraro case is pertinent here: "While the fire truck was favored with the statutory right of way and the act of driving it through the intersection against a red light did not, of itself, constitute negligence as a matter of law, it does not follow that Earle was privileged to proceed in disregard of the rights of others. *Jasmin* v. *Parker*, 102 Vt 405, 416, 148 A 874, and cases cited. The right must be exercised in a reasonable manner in view of the circumstances." * * * "Due care is care commensurate with the circumstances calling for its exercise. The precautions to be taken increase with the hazards. The situation confronting the defendant Earle re-

quired him to be very alert and watchful to avoid injury to others, that is, he was bound to exercise the care of a prudent person, who was driving a fire truck to a fire at the place and under the circumstances here disclosed."

In the former case it appeared the defendant had an unobstructed view of the approach of the other car and that the fire truck was traveling about twenty miles per hour as it approached the intersection. We held the evidence made it a jury question as to whether the defendant was negligent in respect of keeping a proper look out for cars approaching from the direction from which that occupied by the plaintiff was coming and in respect of the speed at which the fire truck was driven into the intersection. The evidence as to speed is much the same here as there. There it appeared the defendant did not see the other car until after he had entered the intersection. Here the evidence taken in the light most favorable to the plaintiff is to the effect that this defendant not only did not see the plaintiff's car until such time, but in addition, that neither the defendant nor the other fireman were keeping any lookout for traffic approaching the intersection from the north or south. As before indicated, there was ample evidence for the jury on this issue of defendant's actionable negligence.

We are also of the opinion that the evidence presented a jury question as to plaintiff's contributory negligence. According to his version he could not stop his car because it skidded on the slippery surface of the road. He admits that from the time he applied his brakes his car was out of his control. But that condition is not necessarily negligence. *Tucker* v. *San Francisco,* Cal App, 290 P 924; *Linden* v. *Miller,* 172 Wis 20, 177 NW 909, 12 ALR 665. This we have also held, in effect, many times. In *L'Ecuyer* v. *Farnsworth,* 106 Vt 180, 182, 170 A 677, we said: "It is a matter of common knowledge, of which we take notice, that the sudden and unexpected skidding of an automobile is one of the natural hazards of driving cars on icy roads and it may happen to the best of operators. * * * The mere fact that the defendant's car skidded does not of itself constitute negligence." This latter statement is also found in *Johnson* v. *Burke,* 108 Vt 163, 167, 183 A 495; *Standard Oil Co.* v. *Flint,* 108 Vt 157, 160, 183 A 336; *Williamson* v. *Clark,* 103 Vt 288, 291, 153 A 448. See

also *Hatch* v. *Daniels,* 96 Vt 89, at 94, 117 A 105. Mere failure to anticipate the possibility of skidding does not as a matter of law establish negligence under all circumstances. *Nicholson* v. *Twin State Fruit Corporation,* 113 Vt 59, 29 A2d 819, 821. The skidding of the car would only be the basis for a finding of negligence if it was due to some negligent conduct on the part of the plaintiff. *Nichols* v. *Nichols,* 126 Conn 614, 13 A2d 591; *De-Antonio* v. *New Haven Dairy Co.,* 105 Conn 663, 136 A 567. See also *Johnson* v. *Burke,* 108 Vt at page 168, 183 A 495.

The plaintiff was charged with knowledge of the treacherous condition of the highway and the possibility of skidding resulting from this condition. He was also charged with knowledge of the additional hazard of approaching a dangerous intersection and of the mandate contained in P. L. sec. 5110 sub. div. III, *supra.* This situation required him to take due care to so operate his car that it would not skid, that is, he was bound to exercise the care of a prudent person who was driving at the place and under the circumstances here disclosed. *Ferraro* v. *Earle, supra.* If he was so driving he is not to be held negligent, under the rules above set forth, merely because the car skidded and the collision occurred. It was for the jury to say whether under the circumstances the skidding was caused by excessive speed, by negligent application of the brakes or by any other negligent act or omission to act on the part of the plaintiff disclosed by the evidence. Negligence in any or all of these respects does not so clearly appear as to warrant our holding, as a matter of law, that the skidding was brought about by the negligence of the plaintiff. See *Martin* v. *Holway,* 126 Conn 700, 14 A2d 38, for a case much in point on its facts with the present case. Also 5 Am Jur 656, sec. 279.

The defendant also says that we should hold the plaintiff contributorily negligent as a matter of law because he failed to blow his horn when approaching the intersection as required by sub. div. XV of P. L. sec. 5110. The evidence indicated that the bell on the fire truck was making a loud noise as the truck approached the intersection. For this reason we cannot say, as a matter of law, that plaintiff's failure to sound his horn was in any sense a part of the proximate cause of the accident, as it might well be that neither

occupant of the truck would have heard the horn if it had been blown. This also was a question for the jury.

The defendant relies largely in support of his claim of contributory negligence on *Parro* v. *Meagher,* 108 Vt 182, 184 A 885. That case is distinguished from the present by the fact that there the surface of the highway was dry. The motion for a directed verdict was properly denied.

The defendant among his various requests to charge submitted the following:

> "That the test of control is the ability to stop quickly and easily and when this result is not accomplished the inference is obvious that the car was running too fast or that the proper effort to control is not made."

The Court, although it charged generally on this subject matter, did not comply with this request and the defendant excepted to its refusal. Whereupon the Court in a supplemental charge stated the first part of the request but refused to give the part relating to the inference to be drawn when the result referred to in the request is not accomplished.

The Court was correct in its refusal. The request stated "the inference is obvious" etc. Our holdings are that when the said result is not accomplished "an inference is *warranted,*" etc. *Standard Oil Co.* v. *Flint,* 108 Vt 157, 160, 183 A 336, 337; *Williamson* v. *Clark,* 103 Vt 288, 292, 153 A 448. The plaintiff had admitted that his car was out of control. In view of this fact the effect of the request, if given, would have been to instruct the jury that they must necessarily infer that such lack of control had been brought about by the negligence of the plaintiff. This, as we have seen, would have been erroneous. It would have been quite different to have told them that such an inference would be warranted.

The defendant also requested the Court to charge:

> "That the safety statutes of the laws of Vermont provide that operators in approaching an intersection shall signal with bell or horn, and that the plaintiff gave no warning of his approach and that such failure should be given consideration in your deliberation in bringing in a verdict."

The Court refused to comply with this request and the defendant excepted to the refusal. The Court did not charge at all on the subject matter of the request but no specific exception was taken by the defendant to this failure to charge.

■ The request cannot be said to state unsound law and therefore to have been properly refused for that reason. It was correct as far as it went but the trouble is that it did not go far enough. Because of its general nature it might well have tended to confuse rather than help the jury in deciding the case. In order to have been a request which the Court was required to give it should have stated the effect the jury might properly give to the admitted violation of the statute on the pertinent issues of negligence of the plaintiff and the proximate cause of the accident. Because of the lack of these necessary qualifications or limitations there was no error on the part of the Court in refusing the request. *Packard* v. *Quesnel,* 112 Vt 175, 180, 22 A2d 164; *Vaughn* v. *Porter,* 16 Vt 266, 268; 64 CJ 912, sec. 715.

■ That the defendant was entitled to a full and accurate charge on the subject matter of this request cannot be questioned. The admitted violation of the statute had a very material bearing on the issues above referred to. Consequently, under our rule, the Court, though not requested, was required to give such a charge. *Stoddard Bros.* v. *Howard,* 101 Vt 1, 5, 139 A 776, and cas. cit. The question is whether the exception to the denial of this request can properly be considered as available as an exception to a failure to charge at all on the subject matter of the request. Many cases can be found extending from *Vaughn* v. *Porter* to *Packard* v. *Quesnel, supra,* in which we have held that an exception to the failure or refusal to give a requested and unsound or defective instruction must be overruled. Our examination of these cases reveals that in some it does not clearly appear a charge on the subject matter of the request in question was not given while in others it is apparent that such a charge was not warranted from the facts in the particular case or for some other reason. In none of these cases, as far as we could find, was a situation presented such as the one here. In *Elwell* v. *Barrows Coal Co.,* 100 Vt 179, at page 184, 136 A 20, 22, after holding there was no error in refusing to charge a certain request because the same was defective it is stated:

"But it is said the court was bound to charge on the subject matter of the request without being asked so to do. Whether this be so or not, the exception saved was not put upon that ground, and the question is not before us." An examination of the case discloses that it does not clearly appear there was any duty on the part of the lower court to charge the subject matter of the request there in question or that such request had not been substantially complied with. Thus the above quoted statement, although broad in its scope, might well not have been necessary to the disposition of the exception there under consideration or the claim made in regard to the duty to charge and is not controlling here. Moreover, in *Bowler* v. *Miorando,* 112 Vt 363, 365, 24 A2d 351, 352, it is stated: "It should be noted that no question of the duty to charge on the subject matter of the request without being asked so to do can fairly be said to be raised by any ground of the exceptions nor is any claim on this score made in defendant's brief. Consequently this question is not before us. *Elwell* v. *Barrows Coal Co.,* 100 Vt 179, 184, 136 A 20."

In the search of our cases for the answer to the question now under consideration we have found two which are helpful. In *Hazard* v. *Smith,* 21 Vt 123 at 129, it was stated that although the defendant was not entitled to the particular charge requested, she was at least entitled to such a charge as the facts in the case required. It was considered that the charge as given was erroneous for various reasons and as a consequence the judgment of the county court was reversed. It would appear that this case goes farther than we are required to go here in reaching our conclusion on this point. Whether we would follow it to the fullest extent for which it might be claimed it is not now necessary to decide.

The case of *Donahue* v. *Insurance Co.,* 56 Vt 374, is much in point. In that case a matter material to its decision was not touched upon at all in the court's charge. This Court in the course of its opinion at page 381 says in regard to this matter: "There was evidence upon that point, and it was the duty of the court to charge correctly and fully whether requested to do so or not. *Vaughn* v. *Porter,* 16 Vt 266. A party is entitled to such a charge as the facts in the case require. *Hazard* v. *Smith,* 21 Vt 123. * * * It was the duty of the court to have submitted the question to the jury; by ignoring it, the court in effect ruled upon it as a matter of

law. It is said no exception was taken in the matter; but we think the defendant is entitled to have the question considered by this court under the exception 'to the charge upon the subject matter of the requests.' The error was not in what the court told the jury, but in its silence, and what the exception was could not be made much clearer than taking it to the charge upon the subject matter of the requests, one subject being want of notice." From the foregoing it is apparent that the situation there was almost identical with the one here. Indeed, in the present case, the exception now under consideration called the attention of the trial court more clearly to the fault being found with the charge than did the exception in the Donahue case.

Although we might well base our holding on this point on our own cases we have examined those from other jurisdictions where the rule is the same as ours in respect to the duty of a trial court to charge without request. Our search reveals that in such jurisdictions it has been held, expressly or in effect, in situations such as the one here, that an exception to a refusal to charge a defective request saves a question as to the failure to charge at all on its subject matter. In *Burke* v. *Boston & M. R. R.*, 82 NH 350, 134 A 574, Chief Justice Peaslee discusses this question at some length on the motion for a rehearing made in that case. The decision there that such an exception fairly raises the question of the propriety of a refusal to instruct at all was based largely on *Black* v. *Buckingham,* 174 Mass 102, 54 NE 494. See also *Annes* v. *Conn. Co.,* 107 Conn 126, 139 A 511; *Rothe* v. *Penn Co.,* 195 F 21; *Wise* v. *Outtrein,* 139 Ia 192, 117 NW 264, 130 Am St Rep 301; 64 CJ 918, sec. 716.

A reading of the request in question shows that it fairly called the attention of the court to the statute therein referred to (P. L. sec. 5110, sub. div. XV) and indicated that the jury should be charged as to what could properly be found by them from its violation. Thus we believe this request was a sufficient presentation to the Court of the subject matter of the same and by such presentation counsel fulfilled his duty to the Court in the way of preventing any oversight of such subject matter. Under these circumstances no excuse can be found for the failure of the Court to charge the law on the subject matter of the request. It seems to us that it would be too narrow and technical to say that the excep-

tion taken by counsel to the refusal to charge did not fairly raise the question of a failure to charge at all on the subject matter. Consequently we hold that the exception to the refusal is available as an exception to the failure to charge under the circumstances here disclosed and because of such failure there is reversible error. This holding does not conflict with the statement appearing in *Morgan* v. *Gould,* 96 Vt 275 at 280, 119 A 517, 519, that "An exception to the refusal to charge will not reach an error in the charge as given" as it is apparent from a reading of the De Nottbeck case and the cases decided prior thereto on which such statement is based that the statement refers to cases where the subject matter of the request has been covered to some extent, at least, in the charge. Here, as we have seen, the charge was wholy lacking in that respect.

The remainder of the requests that were not granted which the defendant refers to in his brief were either substantially complied with or the exceptions are so inadequately briefed as not to warrant consideration.

The defendant has briefed an exception to the exclusion of a question asked the plaintiff in respect to an allegation in the complaint to the effect that the fire truck struck the plaintiff's car. The plaintiff had admitted several times while testifying that his car struck the truck. These admissions made harmless error, if any, in excluding the question for if answered favorably to the defendant such answer could amount to nothing more than another similar admission.

The defendant also briefs an exception to the admission of evidence. This exception is based on the claimed insufficiency of the complaint in the way of failure to allege any specific negligent acts on the part of the defendant. The plaintiff in his brief has indicated a desire to amend his complaint so as to do away with the alleged defect. We assume that after the remand he will apply to the Court below for such leave and that as a consequence the question here presented will not arise at the next trial. Moreover, it is not at all certain that the defendant has an available exception on this point. For these reasons we do not deem it worth while to consider this exception.

*Judgment reversed and cause remanded.*