# Solon A. Bessette et al v. Frederick Humiston, Jr.

[157 A.2d 468]

November Term, 1959

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed January 5, 1960

*Black, Wilson, Coffrin & Hoff* for the defendant.

*John H. Downs* for the plaintiffs.

**Holden, J.** The defendant lost control of the automobile he was operating when an intoxicated passenger seized his right arm. At the time of this incident, the defendant was about to pass a farm wagon that had been left standing alongside, and partly on the traveled portion of the highway in front of the plaintiff's farmhouse. The accident occurred during daylight hours, about seven o'clock in the early evening of August 24, 1957. The defendant approached the wagon from the east at a speed of thirty to forty miles an hour. He had unobstructed vision of the wagon for a substantial distance. There was no other traffic in the vicinity.

The disorderly passenger was a friend named Cross, who resided in Burlington. When the defendant finished work at his employment in Ferrisburg at five o'clock, he found Cross sitting in his car. Cross was intoxicated at that time. He had a bottle with him and continued to imbibe of its contents. Cross accompanied the defendant from Ferrisburg to Vergennes and on to Bristol. When the defendant left Bristol at 6:45, his passenger was slumped in the corner of the front seat, but he soon aroused. During the course of the eight mile distance from Bristol to the scene of the accident, Cross made three or four attempts to shake hands with the operator. Just after the defendant had turned the steering wheel to the left to pass the plaintiffs' wagon, Cross gripped the defendant's right arm causing the defendant's car to swerve to the right, into the rear of the farm wagon. There was no evidence that the defendant had consumed any intoxicants.

The jury found the defendant liable. The defendant requested the court to enter judgment in his behalf, notwithstanding the verdict. The motion was denied and the defendant appeals. The gist of his first assignment of error is that he cannot be held liable in negligence for the consequences of the sudden, violent and unforeseeable conduct of his passenger.

■■ Negligence may lie in the creation of a dangerous situation, although the final injury is activated by the conduct of a third person. *Johnson* v. *Cone*, 112 Vt. 459, 462, 28 A.2d

384; *Wagner* v. *Village of Waterbury*, 109 Vt. 368, 378, 196 A. 745; 2 Restatement, Torts, §302, p. 8 21-822. Where there is likelihood of harm from an intentional or reckless act of an outsider, the actor who creates the situation of danger may be held responsible for the act of the immediate wrongdoer. *Lillie* v. *Thompson*, 332 U. S. 459, 68 S. Ct. 140, 92 L. Ed. 73, 75; *Wheeler* v. *Darmochwat*, 280 Mass. 553, 183 N.E. 55, 57.

The defendant protests that he could not foresee the reckless act of his passenger. The evidence supports the view that the final mishap was not without forewarning. The defendant testified that Cross "was always a playful fellow." Within some fifteen minutes before the accident, he persisted in trying to shake hands with the defendant for he thought his host was "mad" at him. The defendant was not sharp with his passenger; he simply told him he didn't want to shake hands with him because he was driving. When Cross aroused from his stupor, a short time before the collision, he was ugly and profane. The defendant became nervous because of his antics. The defendant could not ignore the consequences of intemperate mischief. The jury was justified in finding that these danger signals should have forecast the peril of an accident to an operator of reasonable prudence and vigilance. See *Wagner* v. *Village of Waterbury*, *supra*, 109 Vt. at 375, 196 A. at 749. *Woodcock's Admr.* v. *Hallock*, 98 Vt. 284, 290, 127 A. 380; *Thompson* v. *Green Mountain Power Corp.*, 120 Vt. 478,485, 486, 144 A.2d 786.

Notwithstanding this warning, the defendant continued on with his passenger at a speed estimated by him at thirty to forty miles an hour. In electing to pursue his travel with a troublesome guest, he was required to govern his speed and general operation of the vehicle in such a way that he could maintain adequate and efficient control despite the danger that accompanied him. The facts of this accident support the conclusion that collision resulted because the defendant proceeded too fast, in the presence of a danger which the defendant himself had permitted to develop. The law requires an operator to be prepared to cope with an emergency of his own making. *State* v. *Graves*, 119 Vt. 205, 214,

122 A.2d 840; *Kennedy* v. *Laramee*, 115 Vt. 358, 363, 61 A.2d 547; *Nicholson* v. *Twin State Fruit Corp.*, 113 Vt. 59, 62, 29 A.2d 819; *Williamson* v. *Clark*, 103 Vt. 288, 292, 153 A. 448. The verdict on the issue of the defendant's negligence was well founded.

The defendant maintains he should be relieved from the consequences of his negligence because the plaintiff violated the safety statute against parking in the highway, 23 V. S. A. §1044. As applied to this case, the statute prohibits a person from leaving a vehicle standing on the traveled portion of the highway in a position that will interfere with traffic.

■ ■ The evidence permits opposing inferences as to whether two cars of ordinary width could pass without interference, in the open space to the left of the plaintiffs' wagon. It was for the jury to decide whether the plaintiffs' vehicle was left standing in the highway in such a way that it obstructed traffic within the statutory prohibition. *Palmer* v. *Marceille* 106 Vt. 500, 506, 175 A. 31. But a finding to this effect would not preclude the plaintiffs' recovery unless the offense was part of the proximate cause of the accident. *Bressett* v. *O' Hara*, 116 Vt. 118, 123, 70 A.2d 238; *Skoll* v. *Cushman*, 111 Vt. 160, 165, 13 A.2d 180.

The testimony given by the defendant himself supports the conclusion that if the statute was violated, the infraction did not cause the collision. No traffic was approaching from the opposite direction. An unobstructed path, thirteen feet in width was available to the defendant. As the defendant undertook to go by the farm wagon, four feet separated the two vehicles. It was at this point "when he (Cross) pulled my arm, I automatically gripped the steering wheel. If he had let go I would have been all right." In the light of this evidence the trial court could not properly rule that the plaintiff was guilty of contributory negligence as a matter of law.

The element of causation marks the principal distinction between this appeal and the decision in *Naylor* v. *Dragoon*, 116 Vt. 552, 80 A.2d 600, cited by the defendant. In the Naylor case, *supra* at 554 and 556, the plaintiff, by her own testimony, was guilty of violating the safety statute, and the

opinion points out that it was not questioned that her illegal parking was a part of the proximate cause of the accident that followed.

After an hour of deliberation, the jury returned a verdict for the plaintiff in the amount of one hundred fifty dollars. The plaintiff complained to the court that the verdict was compromised and requested the jury be reinstructed on the measure of damages. The case was resubmitted on all lssues. In the additional instructions, the presiding judge went on to explain that the only evidence of damages was that given by the plaintiff Solon Bessette, "who testified that the value of the farm truck and body immediately before was five hundred dollars and it was a total loss as a result of the accident. He did testify that the wagon cost him two hundred fifty dollars five years before that and that the body he put on, rack and so forth, cost him, labor and everything, at least three hundred dollars and possibly more."

The jury returned shortly to inquire whether anything less than five hundred dollars would be considered a compromise. The court answered in the affirmative, putting its ruling "on the basis of the evidence." The jury returned a verdict for the plaintiff in the amount indicated by the court.

By adequate exceptions, the defendant claims error on the part of the court in refusing to accept the original verdict of one hundred fifty dollars; and secondly, in the court's requirement that the amount of damages be assessed at no less than five hundred dollars.

■ It is apparent from the context of the supplementary instructions that the court believed the jury had mistaken the law or the evidence, and had found damages that were inadequate. Upon that consideration, it was entirely proper for the court to require the jury to return to deliberate the cause further. 12 V. S. A. §1945. The action taken raises substantially the same question that arises when a verdict is set aside for insufficiency of damages. *Goldberg* v. *Gintoff*, 116 Vt. 43, 45, 20 A.2d 114. The discretionary ruling of the court below will not be disturbed, nor can the first assessment of damages be reinstated unless the evidence is so strongly in

its favor as to leave no room for a contrary verdict. *Belock* v. *State Mutual Fire Insurance Co.*, 106 Vt. 435, 443, 175 A. 19; *Bennett* v. *Robertson*, 106 Vt. 112, 113, 169 A. 901. Since there was ample evidence to support an award in excess of one hundred fifty dollars, there was no abuse of discretion in refusing to accept the damages specified in the first verdict.

■ By the same token, there was no authority in the evidence to hold the jury to the amount of five hundred dollars. The plaintiffs' own opinion of his damage could not settle the question, even though his estimate was not directly disputed. The investigating police officer testified concerning the damage to particular parts of the vehicle. Whether the farm truck was a total loss was clearly a question for the jury. The evidence of purchase price, depreciation, and salvage provided an adequate basis for differing inferences, in conflict with the opinion given by the owner. When such a conflict develops, the true extent of the damage is for the jury to resolve. *Collins* v. *Fogg*, 110 Vt. 465, 469, 8 A.2d 684. Although it was proper to decline the damages assessed in the first verdict, it was error to substitute the court's judgment on a question that rightfully belonged to the jury. *Collins* v. *Fogg, supra*, at 469.

■ It was suggested at the trial that the initial verdict was the product of compromise. Except that meagre damages were indicated, the record yields no reason to support this conjecture. There is nothing to indicate that the jury had any disagreement on the issue of liability. They requested no instructions on the question of negligence and their inquiries were confined exclusively to the problem of damages. Since that issue was finally withdrawn from them it could not operate as a vehicle for compromising the final result. Indeed, a review of the full case satisfies us that the issue of liability was adjudicated fairly on substantial evidence and should not be disturbed. *Trombetta* v. *Champlain Valley Fruit Co.*, 117 Vt. 491, 495, 94 A.2d 797; *Parizo* v. *Wilson*, 101 Vt. 514, 519-525, 144 A. 856. As the error at the trial reached only the question of damages, retrial should be confined to that issue alone: *Trombetta* v. *Champlain Valley Fruit Co., supra*, at 495; *Marshal* v. *Dalton Paper Mills*, 82 Vt. 489, 504, 74 A. 108, 24 L. R. A., N. S., 128.

*Judgment affirmed on the issue of liability. Judgment reversed as to damages and cause remanded for retrial of that issue.*