FRANCISCO RAMOS RAMOS, ETC., Plaintiffs and Appellees, *v.* THE COMMONWEALTH OF PUERTO RICO, Defendant and Appellant; CONCEPCIÓN PÉREZ PÉREZ, today RAMÓN A. RIVERA RIVERA, ETC., Intervener.

No. R-70-23.     Decided February 18, 1971.

*Francisco Ponsa Feliú, Wilson F. Colberg,* and *Miguel A. Vallde-juli* for appellant. *Rodríguez Maduro & Torres Vilá* for appellees.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Appeal is taken from the judgment which ordered appellant to pay the amount of $3,000 to appellee and $500 to appellee's wife for the damages sustained by them as a result of a collision between a police patrol wagon and the vehicle driven by appellee.

The pertinent findings of fact of the trial court, not challenged by appellant, concerning the occurrence of the accident are the following:

"On March 17, 1966, plaintiff Francisco Ramos Ramos was driving a truck, property of his employer, along highway No. 30 going from Humacao to Las Piedras.

"When he was approaching kilometer 23.4, a vehicle known as a 'Police Patrol', property of the Commonwealth of Puerto Rico and driven by policeman Efraín Cartagena Rodríguez, was going from Las Piedras to Humacao.

"Suddenly, the vehicle mentioned in the previous finding made a sharp left turn, entered the opposite lane and hit the truck driven by plaintiff.

"Two policemen were riding in the front seat of defendant's vehicle, and between these two officers there was a minor who had been arrested and who was being taken to the Minor's Ward of the Humacao District Jail. The minor was not handcuffed and all of a sudden said minor grabbed the steering wheel, pressed the accelerator, took the steering wheel in his hands and threw the 'Police Patrol' against the truck which plaintiff was driving and which was going in the opposite direction."

Appellant assigns that the trial court erred in concluding that:

"1.—The negligent omissions which culminated in the occurrence of the accident were the failure to use an adequate vehicle

to convey a prisoner, together with the officers' conduct while guarding the minor.

"The minor's conduct could be foreseen by the officers. They should have foreseen that at any time this minor (18 years) could commit any impulsive or violent act, as he actually did. The important thing is to be under the duty to foresee, in a general way, consequences of a particular type. It is no defense to allege that the precise course or the full extent of the consequences which took place could not be foreseen. *Ginés* v. *Aqueduct and Sewer Authority*, 86 P.R.R. 490.

"2.—The accident did not occur because of plaintiff's negligence; the events took place as a result of defendant's omission and the latter's lack of foreseeability in a situation which it had under control."

Appellant argues that we are not dealing with an intervening act which together with a previous one eradicates the former; that the minor's conduct which is the one which gave rise to the accident or which originated the proximate cause of the same is not one which could have been reasonably anticipated or foreseen; that the act of using a vehicle not authorized by Act No. 97 of June 23, 1955, by itself, cannot give rise to a conclusion of negligence; that to try to connect this fact with the officers' conduct while guarding the minor, in order to determine liability or negligence, is unreal, since both facts are so remote in themselves, and it would only lead to an undesirable and unsound result; that, on the contrary, it was reasonable to place the minor in the only seat of the vehicle; that to impose liability in this case would be to demand it for consequences beyond those which can be reasonably foreseen or anticipated.

■ The officers in question should be considered responsible for knowing that the minor, in view of the circumstances of the instant case, could have fallen in thoughtless conduct, in an impulsive action, born from an immature judgment, and that he would not exercise the prudence, thoughtfulness, and discretion of an ordinarily prudent man, especially when

placed in a situation of easy access to the devices which control the direction and speed of the vehicle. *Torres Trumbull v. Pesquera,* 97 P.R.R. 329, 339 (1969) ; *Hosford v. Clark,* 359 S.W.2d 424, 428 (Mo. 1962). Therefore, they were under the obligation to exert themselves to the utmost in keeping guard over the minor when he was thus placed in the front seat of the vehicle. Undoubtedly, the officer sitting at the right-hand side of the minor, in charge of keeping constant guard over the youth, neglected the latter, and because of his failure to keep the minor's movements under his continual observation, gave him the opportunity to grab the steering wheel, press the accelerator, and swerve the vehicle towards that of appellee.

The police officers created a dangerous situation because of their action and omission which gave rise or made possible the minor's intentional and imprudent act. If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby. *Bessette v. Huniston,* 157 A.2d 468, 470 (Vt. 1960) ; *Herring* v. *Springbrook Packing Company Cooperative,* 299 P.2d 604, 607 (Ore. 1956) ; *McEvoy* v. *American Pool Corp.,* 195 P.2d 783 (Cal. 1948) ; Restatement of Torts 2d, § 449; Annotation: *Negligence—Causation—Foreseeability,* 100 A.L.R.2d 942, 989, 994.

In view of the foregoing, the judgment rendered in this case by the trial court will be affirmed.