**Kristyn PIPHER, Plaintiff Below, Appellant,**

v.

**Johnathan PARSELL,[1] Defendant Below, Appellee.**

**No. 215, 2006.**

Supreme Court of Delaware.

Submitted: April 4, 2007.

Decided: June 19, 2007.

---

39. *Spencer,* 2006 WL 1520203 at *2, 2006 Del.Super. LEXIS 230 at *7.

1. Johnathan Parsell is the only defendant who is the subject of this appeal. This Court corrected the caption of the proceeding *sua sponte.*

Kevin M. Howard, Esquire, Young, Malmberg & Howard, Dover, Delaware, for appellant.

Philip T. Edwards, Esquire (argued) and Roger D. Landon, Esquire, Murphy, Spadaro & Landon, Wilmington, Delaware, for appellee, Johnathan Parsell.

**2.** Sitting by designation pursuant to Del. Const. art. IV, § 12 and Supr. Ct. R. 2 and 4.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, Justices, and NOBLE, Vice Chancellor[2] (constituting the Court en Banc).

HOLLAND, Justice.

The plaintiff-appellant, Kristyn Pipher ("Pipher"), appeals from the Superior Court's judgment as a matter of law in favor of the defendant-appellee, Johnathan Parsell ("Parsell"). Pipher argues that the Superior Court erred when it ruled that, as a matter of law, Parsell was not negligent. We agree and hold that the issue of Parsell's negligence should have been submitted to the jury.

### Facts

On March 20, 2002, around 6 p.m., Pipher, Parsell and Johnene Beisel ("Beisel"), also a defendant,[3] were traveling south on Delaware Route 1 near Lewes, Delaware, in Parsell's pickup truck. All three were sitting on the front seat. Parsell was driving, Pipher was sitting in the middle, and Beisel was in the passenger seat next to the door. They were all sixteen-years-old at the time.

As they were traveling at 55 mph, Beisel unexpectedly "grabbed the steering wheel causing the truck to veer off onto the shoulder of the road." Parsell testified that Beisel's conduct caused him both shock and surprise. Although Beisel's conduct prompted him to be on his guard, Parsell further testified that he did not expect Beisel to grab the wheel again. Nevertheless, his recognition of how serious Beisel's conduct was, shows he was aware that he now had someone in his car who had engaged in dangerous behavior.

Parsell testified that he did nothing in response to Beisel's initial action. Approx-

**3.** Pipher was awarded $70,150.00 in damages against Beisel. However, Beisel was not located before, during, or after trial.

imately thirty seconds later, Beisel again yanked the steering wheel, causing Parsell's truck to leave the roadway, slide down an embankment and strike a tree. Pipher was injured as a result of the collision.

Pipher's testimony at trial was for the most part consistent with Parsell's testimony. Pipher recalled that the three occupants in the vehicle were talking back and forth and that the mood was light as they drove south on Route 1. She also testified that after Beisel yanked the steering wheel for the first time, Parsell was able to regain control of the truck. According to Pipher, despite the dangerous nature of the conduct, Parsell and Beisel just laughed about it like it was a joke. Pipher testified she felt that Beisel grabbed the steering wheel a second time because Parsell "laughed it off" the first time.

At trial, Parsell acknowledged that he could have taken different steps to try to prevent Beisel from grabbing the steering wheel a second time. First, Parsell acknowledged, he could have admonished Beisel not to touch the steering wheel again. Second, he acknowledged that he could have pulled over to the side of the road and required Beisel to get into the back seat. Third, Parsell acknowledged that he could have warned Beisel that he would put her out of the vehicle.

The trial judge concluded that, as a matter of law, Parsell had no duty to do anything after Beisel yanked the wheel the first time because it would be reasonable for the driver to assume that it would not happen again. The trial judge also ruled that (1) there was no negligence in failing to discharge the dangerous passenger and (2) that failing to admonish the dangerous passenger was not negligence and could not be considered a proximate cause of Pipher's injuries.

### Standard of Review

■■■ In order to establish a negligence claim, a plaintiff must establish that "defendant owed plaintiff a duty of care; defendant breached that duty; and defendant's breach was the proximate cause of plaintiff's injury." [4] The defendant is entitled to judgment as a matter of law if the plaintiff fails to establish a prima facie case of negligence, or under no reasonable view of the evidence could a jury find in favor of the plaintiff.[5] Disputed issues of foreseeability and proximate cause involve factual determinations that must be submitted to a jury.

■■■ "To be held liable in negligence, a defendant must have been under a legal obligation—a duty—to protect the plaintiff from the risk of harm which caused his injuries." [6] This Court has recognized that "whether a duty exists is entirely a question of law, to be determined by reference to the body of statutes, rules, principles and precedents which make up the law; and it must be determined by the court." [7] If no duty exists, "a trial court is authorized to grant judgment as a matter of law." [8] On appeal, questions of law are reviewed *de novo*.

### Duty of Driver

■■■ A "driver owes a duty of care to her [or his] passengers because it is foreseeable that they may be injured if,

---

4. *New Haverford P'ship v. Stroot,* 772 A.2d 792, 798 (Del.2001).

5. *Eustice v. Rupert,* 460 A.2d 507, 509 (Del. 1983).

6. *Fritz v. Yeager,* 790 A.2d 469, 471 (Del. 2002).

7. *Id.* (internal quotations omitted).

8. *Id.* (citing Del.Super. Ct. Civ. R. 50).

through inattention or otherwise, the driver involves the car she [or he] is operating in a collision."[9] Almost forty-five years ago, this Court held that a minor who operates a motor vehicle on the highways of Delaware will be held to the same standard of care and "must accord his [or her] own passengers the same diligence and protection which is required of an adult motorist under similar circumstances."[10] The following year, this Court recognized an important correlative principle: "One riding as a passenger in a motor vehicle . . . has the right to assume that the driver will exercise reasonable care and caution and is under no duty to supervise the driving . . . in the absence of knowledge that the driver is unfit or incompetent to drive."[11]

Pipher argues that after Beisel grabbed the steering wheel initially, Parsell was on notice that a dangerous situation could reoccur in the truck. Pipher further argues that once Parsell had notice of a possibly dangerous situation, he had a duty to exercise reasonable care to protect his passengers from that harm. Finally, Pipher concludes that Parsell was negligent when he kept driving without attempting to remove, or at least address, that risk.

In a similar case, the Supreme Court of Vermont held a driver was liable for damages resulting from the passenger seizing the driver's arm.[12] In that case, a drunken passenger known for being a "playful fellow," and having previously attempted to shake hands with the driver of the vehicle over the course of fifteen minutes, then seized the arm of the driver, causing the vehicle to collide with a farm wagon. The Vermont Court held that the knowledge the passenger was "a playful fellow" and had in the course of the ride "persisted in trying to shake hands" with the driver "should have forecast the peril of an accident to an operator of reasonable prudence and vigilance."[13] In such cases, the driver is expected to make a reasonable attempt to prevent the passenger from taking such actions again.

■ In general, where the actions of a passenger that cause an accident are not foreseeable, there is no negligence attributable to the driver.[14] But, when actions of a passenger that interfere with the driver's safe operation of the motor vehicle are foreseeable, the failure to prevent such conduct may be a breach of the driver's duty to either other passengers or to the public.[15] Under the circumstances of this case, a reasonable jury could find that Parsell breached his duty to protect Pipher from Beisel by preventing Beisel from grabbing the steering wheel a second time.

### Conclusion

The issue of Parsell's alleged breach of duty to Pipher, the foreseeability of Beisel's repeat conduct, and the proximate cause of Pipher's injuries were all factual

9. *Harris v. Carter,* 582 A.2d 222, 235 (Del.Ch. 1990).

10. *Wagner v. Shanks,* 194 A.2d 701, 708 (Del. 1963).

11. *Clayton v. Bartoszewski,* 198 A.2d 692, 695 (Del.1964).

12. *Bessette v. Humiston,* 121 Vt. 325, 157 A.2d 468 (1960).

13. *Id.* at 470. Compare *Brown v. Mobley,* 227 Ga.App. 140, 488 S.E.2d 710 (1997) (no evidence that eventual conduct of intoxicated passenger should have been anticipated).

14. *See, e.g., Robinson v. Butler,* 226 Minn. 491, 33 N.W.2d 821 (1948).

15. *Wagner v. Shanks,* 194 A.2d 701 (Del. 1963); *Bessette v. Humiston,* 121 Vt. 325, 157 A.2d 468 (1960). *See also Linde v. Emmick,* 16 Cal.App.2d 676, 61 P.2d 338 (1936).

determinations that should have been submitted to the jury.[16] Accordingly, the judgment of the Superior Court, that was entered as a matter of law, is reversed. This matter is remanded for further proceedings in accordance with this opinion.

---

**16.** *Duphily v. Delaware Elec. Coop., Inc.,* 662    A.2d 821, 830 (Del.1995).