# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MAURICE G. PARHAM and )
ZACHARY BRADY, )
           )
          Plaintiffs, )
          v. )           C.A. No. N15C-05-150 ALR
           )
ZACHARY JOHN TODARO, )
SUSAN A. TODARO, )
ANTHONY MICHAEL )
JANNUZZIO, and UNITED )
PARCEL SERVICE, INC., )
           )
          Defendants. )

Submitted: January 20, 2017
Decided: March 23, 2017

## ORDER

***Upon Defendants Anthony Michael Jannuzzio and United Parcel Service, Inc.'s
Motion for Summary Judgment***
**DENIED**

This is a personal injury case arising out of a motor vehicle accident. Upon

consideration of the motion for summary judgment filed by Defendants Anthony

Jannuzzio and United Parcel Service, Inc. ("UPS"); the opposition thereto filed by

Defendants Zachary Todaro and Susan Todaro; the opposition thereto filed by

Plaintiffs Maurice Parham and Zachary Brady (collectively "Plaintiffs"); the facts,

arguments and authorities set forth by the parties; the Superior Court Civil Rules;

statutory and decisional law; and the entire record in this case, the Court hereby

finds as follows:

1. On June 18, 2013, Plaintiffs were passengers in a vehicle driven by Zachary Todaro. Zachary's mother Susan Todaro is the owner of the vehicle.[1]

2. On the day of the accident, Zachary attempted to enter a Sunoco gas station on Elkton Road in Newark, Delaware. Zachary turned from Newark's S. Main Street onto Murray Road, a street that does not provide access to the Sunoco gas station. Upon realizing his error, Zachary executed a U-turn on Murray Road. As Zachary re-entered S. Main Street from Murray Road, his vehicle collided with a UPS delivery truck operated by Anthony Jannuzzio.[2]

3. On May 19, 2015, Plaintiffs commenced this negligence action. Plaintiffs allege that both Zachary Todaro and Jannuzzio caused the accident by negligently operating their respective vehicles. Plaintiffs allege that Zachary and Jannuzzio's negligence proximately caused Plaintiffs to suffer physical and emotional injury.

4. On December 22, 2016, Jannuzzio and UPS filed the motion for summary judgment that is currently before the Court, asserting that there is insufficient evidence to establish that Jannuzzio was negligent or that Jannuzzio's negligence proximately caused the accident. Accordingly, Jannuzzio and UPS

---

[1] Susan Todaro is a party to this action pursuant to 21 *Del. C.* § 6104(a), which imputes joint and several liability for a minor's negligent operation of a motor vehicle to any person who signed a driver's license application on the minor's behalf.

[2] The parties do not dispute that Jannuzzio was acting in the course and scope of his employment with UPS at the time the accident occurred.

assert that there are no genuine issues of material fact and that judgment as a matter of law is appropriate.

5.     On January 18, 2017, Zachary and Susan Todaro filed a response in opposition to the motion for summary judgment. The Todaros assert that, viewing the facts in a light most favorable to the non-moving parties, a reasonable jury could find that Jannuzzio negligently operated the delivery truck and proximately caused the accident. Accordingly, the Todaros contend that there are genuine issues of material fact and that judgment as a matter of law as to Jannuzzio and UPS is inappropriate.

6.     On January 19, 2017, Plaintiffs filed a response to the motion for summary judgment. Plaintiffs agree with the Todaros that there are genuine issues of material fact regarding the party responsible for the accident. Plaintiffs assert that a reasonable jury could find that either or both sets of Defendants are liable for Plaintiffs' injuries and, therefore, judgment as a matter of law as to Jannuzzio and UPS is inappropriate.

7.     The Court may grant summary judgment only where the moving party shows that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.[3] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that

---

[3] Super. Ct. Civ. R. 56(c).

3

material issues of fact exist.[4]  At the summary judgment phase, the Court must view the facts in a light most favorable to the non-moving party.[5]

8.     "In order to prevail in a negligence action, a plaintiff must show, by a preponderance of the evidence, that a defendant's negligent act or omission breached a duty of care owed to plaintiff in a way that proximately caused the plaintiff injury."[6] The driver of a motor vehicle owes a duty of care to his passengers under Delaware law.[7]  Moreover, Delaware drivers are required by statute to operate their vehicles with due care and at a controlled speed in order to avoid colliding with a person, vehicle, or conveyance on the highway.[8]

9.     For the reasons set forth below, this Court finds genuine issues of material fact regarding the cause of the collision and the parties' respective duties of care.  Accordingly, summary judgment is inappropriate.

10.     The record contains conflicting evidence regarding whether Zachary Todaro brought his vehicle to a complete stop before re-entering S. Main Street after executing the U-turn on Murray Road.  Specifically, Zachary testified that he stopped his vehicle on Murray Road for one to two seconds after making the U-

---

[4] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[5] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[6] *Pavik v. George & Lynch, Inc.*, 2016 WL 5335792, at *3 (Del. Super. Sept. 22, 2016) (quoting *Duphily v. Del. Elec. Coop., Inc.*, 662 A.2d 821, 828 (Del. 1995)).
[7] *Pipher v. Parsell*, 930 A.2d 890, 892–93 (Del. 2007) (quoting *Harris v. Carter*, 582 A.2d 222, 235 (Del. Ch. 1990)); *Stout v. CFT Ambulance Serv., Inc.*, 2013 WL 6920356, at *2 (Del. Super. Nov. 6, 2013).
[8] 21 *Del. C.* § 4168(a).

4

turn.[9] Zachary testified that his vehicle remained stopped at the intersection of S. Main Street and Murray Road when the collision occurred.[10] Conversely, Plaintiff Maurice Parham testified that Zachary failed to stop after executing the U-turn on Murray Road and before attempting to re-enter S. Main Street.[11] Maurice Parham testified that the vehicle was in motion and on S. Main Street at the time the collision occurred.[12]

11. Additionally, the record contradicts Jannuzzio and UPS's assertion that "[t]here is no evidence on this record that Mr. Jannuzzio's conduct was at all negligent or that his conduct was a proximate cause of the accident."[13] For example, both Zachary Todaro and Maurice Parham testified that the UPS delivery truck crashed into the Todaro vehicle, not vice-versa.[14] Moreover, in Plaintiff Zachary Brady's Reponses to Jannuzzio and UPS's interrogatories, Mr. Brady states that "[a] UPS truck side swiped us,"[15] and that the Todaro vehicle "was struck by the UPS truck."[16]

12. "Today, under Delaware's comparative negligence statute the determination of the respective degrees of negligence attributable to the parties

---

[9] Zachary Todaro Dep. at 11:6–12:6, 36:15–37:6.
[10] *Id.* at 11:23–12:2.
[11] Parham Dep. at 16:17–20, 18:8–13.
[12] *Id.* at 71:3–23.
[13] Defs.' Summ. J. Mot. at 4.
[14] Zachary Todaro Dep. at 8:23–24, 27:14–18; Parham Dep. at 17:6–21.
[15] Pl. Zachary Brady's Answer to Defs. Jannuzzio & UPS interrog. at para. 34.
[16] *Id.* at para. 46.

*almost always presents a question of fact for the jury.*"[17] The Court does not find that this case presents the rare exception of a negligence case that is susceptible to summary adjudication.[18] It is not this Court's role to weigh evidence or resolve factual conflicts arising from pretrial submissions.[19] Rather, "if a rational trier of fact could find any material fact that would favor the non-moving party in a determinative way . . ., summary judgment is inappropriate."[20]

13. Upon viewing the evidence and drawing all reasonable inferences in a light most favorable to the non-moving parties,[21] this Court finds that a rational trier of fact could find Jannuzzio and UPS liable for the accident. There is a

---

[17] *Helm v. 206 Mass. Ave., LLC*, 107 A.3d 1074, 1081 (Del. 2014) (emphasis in original) (citing *Trievel v. Sabo*, 714 A.2d 742, 745 (Del. 1998)).
[18] *See Helm*, 107 A.3d at 1081 (citing *Trievel*, 714 A.2d at 745); *Jones v. Crawford*, 1 A.3d 299, 303 (Del. 2010); *Manerchia v. Kirkwood Fitness & Racquetball Clubs, Inc.*, 2010 WL 1114927, at *2 (Del. Mar. 25, 2010).
[19] *Cerberus Int'l, Ltd. v. Apollo Management, L.P.*, 794 A.2d 1141, 1149 (Del. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986)).
[20] *Espinoza v. Zuckerberg*, 124 A.3d 47, 53 (Del. Ch. 2015) (omission in original) (quoting *Cerberus Int'l, Ltd.*, 794 A.2d at 1150). *See also Buchanan v. TD Bank, N.A.*, 2016 WL 3621102, at *2 (Del. Super. June 28, 2016) (noting that summary judgment is rare in negligence actions "because the movant must show 'not only that there are no conflicts in the factual contentions of the parties but that, also, the only reasonable inference to be drawn from the contested facts are adverse to the plaintiff.'") (quoting *Watson v. Shellhorn & Hill, Inc.*, 221 A.2d 506, 508 (Del. 1966))); *Rowe v. Estate of McGrory*, 2013 WL 2296076, at *2 (Del. Super. Apr. 12, 2013) (emphasis and alteration in original) ("Moreover, 'if it appears [to the Court] that there is *any reasonable hypothesis* by which the non-moving party might recover,' the motion will be denied.") (quoting *Nationwide Mut. Ins. Co. v. Flagg*, 789 A.2d 586, 591–92 (Del. Super. 2001))).
[21] *State Farm Mut. Auto. Ins. Co. v. Davis*, 80 A.3d 628, 632 (Del. 2013) (quoting *Acro Extrusion Corp. v. Cunningham*, 810 A.2d 345, 347 (Del. 2002)).

reasonable indication of disputed material facts sufficient to survive the motion for summary judgment.[22]

**NOW, THEREFORE, this 23rd day of March, 2017, the motion for summary judgment filed by Defendants Anthony Jannuzzio and United Parcel Service, Inc. is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[22] *See Doe v. Cahill*, 884 A.2d 451, 462–63 (Del. 2005) (quoting *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus.*, 871 A.2d 428, 444 (Del. 2005)).

7