### 43221. DAWSON v. BUSSEY.

ARGUED NOVEMBER 7, 1967—DECIDED DECEMBER 4, 1967— REHEARING DENIED DECEMBER 18, 1967—CERT. ■

14

*F. L. Forrester, A. J. Whitehurst,* for appellant.

*Alexander, Vann & Lilly, Heyward Vann, Roy M. Lilly,* for appellee.

FELTON, Chief Judge. The evidence did not authorize the finding that the defendant's negligence was the proximate cause of the damages suffered by the plaintiff or that it was a contributing proximate cause. Proof of this prerequisite was dependent solely on circumstantial evidence which did not exclude the hypothesis that the plaintiff's negligence was the proximate cause. The facts are just as consistent with the defendant's diligence as with his negligence. There is no explanation of why the plaintiff did not see the defendant sooner, and the circumstantial evidence supports the defendant's estimate of his speed whereas

the circumstantial evidence does not support the plaintiff's estimate of his speed. The physical facts show that the defendant was traveling at a very low rate of speed and that the plaintiff's speed was much greater. The evidence fails to show affirmatively that the defendant did not stop at the intersection or· that he entered it while the plaintiff was approaching it so closely as to constitute an immediate hazard.

The court erred in overruling the defendant's motions for a judgment n.o.v., and, in the alternative his motion for a new trial on the general grounds. The amended grounds of the motion for a new trial are not considered.

*Judgments reversed, the former with direction. Eberhardt, J., concurs. Hall, J., concurs in the judgment.*