24497.  BUSSEY v. DAWSON.

ARGUED MARCH 11, 1968—DECIDED APRIL 4, 1968.

*Alexander, Vann & Lilly, Heyward Vann,* for appellant.

*A. J. Whitehurst, F. L. Forester,* for appellee.

GRICE, Justice. The issue here is whether there was any evidence to sustain the verdict for the plaintiff in a tort action. This issue arises from a suit filed by Truman Bussey against Nathaniel Dawson in the Superior Court of Thomas County.

In that suit the plaintiff asserted that, due to the defendant's negligence in not yielding the right of way at an intersection, a collision occurred between automobiles operated by the parties, causing the plaintiff personal and property damage. The defendant denied the material allegations of the petition. Upon trial the jury returned a verdict for the plaintiff. The defendant made motions for judgment notwithstanding the verdict and for new trial, both of which were denied.

Thereupon, the defendant sought review by the Court of Appeals of denial of these motions. That court reversed, holding that the evidence did not authorize the finding that the defendant's negligence was the proximate cause or a contributing proximate cause of the plaintiff's injuries, in that the facts were just as consistent with the defendant's diligence as with his negligence. *Dawson v. Bussey,* 117 Ga. App. 13 (159 SE2d 397).

We granted the plaintiff's application for certiorari.

The evidence shows a typical intersection collision. It occurred at the intersection of Park Avenue and Loomis Street in the City of Thomasville. The plaintiff was proceeding northerly on Park Avenue, while the defendant was traveling westerly on Loomis Street. The latter street at its intersection with Park Avenue was marked with a yield sign.

An ordinance of the city provides that "The driver of a vehicle shall stop . . . at the entrance to a through street and shall yield the right-of-way to other vehicles which have entered the intersection from the through street or which are approaching so closely on such through street as to constitute an immediate hazard. . ."

The plaintiff estimated his speed at 20 or 25 miles per hour in approaching and entering the intersection and said he did

not see the defendant's car which struck him. The maximum speed allowed there by city ordinance was 35 miles per hour.

The defendant testified that he stopped before entering the intersection, looked about 70 feet to his left and right, saw no traffic whatever, entered the intersection at a speed of about 10 miles per hour, and did not see the plaintiff's vehicle until a moment before the impact.

The collision occurred in the approximate center of the intersection. The evidence showed that the defendant's automobile struck the right side of the plaintiff's car, then turned to the right and came to a stop. It also showed that the plaintiff's automobile continued about 70 to 80 feet on its course before coming to a halt at the curb on the left.

Several witnesses estimated the speed of the vehicles based upon the physical evidence appearing after the collision. They concluded that the defendant's speed did not exceed 20 miles per hour. One witness estimated that of the plaintiff to be from 40 to 45 miles per hour.

With the foregoing evidentiary situation before it the Court of Appeals applied the rule that facts which are consistent with either of two opposing theories prove neither. See in this connection, *Southern R. Co. v. Newman,* 187 Ga. 132 (199 SE 753); *Camp v. Emory University,* 95 Ga. App. 442 (1) (98 SE2d 66).

In our appraisal of the defendant's motions for judgment notwithstanding the verdict and new trial, we must construe the evidence in the light most favorable to the plaintiff. Accordingly, the plaintiff was traveling at 20 to 25 miles per hour on a through street with a 35 mile per hour speed limit. The defendant was proceeding on a yield street. He entered the intersection at 20 miles per hour, did not see the oncoming plaintiff until about the time of the impact, and in the center of the intersection struck the plaintiff's automobile broadside.

This evidence raised such issues of fact as negligence, proximate cause, and comparative negligence.

Therefore, we deem applicable and controlling the well established rule that questions of negligence, diligence, contributory negligence and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in

solving them, except in plain and indisputable cases. See *Howard v. Savannah Elec. Co.*, 140 Ga. 482 (79 SE 112); *Blanton v. Doughty*, 107 Ga. App. 91, 95 (129 SE2d 376); 16 West's Ga. Dig., Negligence, § 136 (14).

Accordingly, the defendant's motions for judgment notwithstanding the verdict and new trial were properly denied by the trial court, and the Court of Appeals erred in reversing those rulings.

The judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur.*