45419.   MADDOX, BISHOP, HAYTON FRAME & TRIM CONTRACTORS, INC. v. LAMBDIN.

SUBMITTED JUNE 1, 1970—DECIDED NOVEMBER 12, 1970—
REHEARING DENIED DECEMBER 3, 1970.

*Shoob, McLain & Jessee, Gregg Loomis,* for appellant.
*James H. Weeks,* for appellee.
QUILLIAN, Judge. 1. The appellant contends that the evidence

demanded a verdict for it because the plaintiff failed to prove a prima facie case of negligence on its part. With this contention we cannot agree. The evidence disclosed that the defendant's employee had been removing the lumber for about thirty minutes before it fell; that taking the lumber off the front side made the pile heavier on the back side and it fell; that the employee had seen lumber stacked like this fall a good many times when it was taken off one side.

It can not be said as a matter of law that the jury would not have been authorized to find that the defendant's employee was negligent in the method he employed in removing the lumber from the pile. "Questions of negligence, diligence, contributory negligence and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases." *Bussey v. Dawson,* 224 Ga. 191, 193 (160 SE2d 834). See *Keebler v. Willard,* 86 Ga. App. 884, 887 (72 SE2d 805); *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294).

2. The appellant argues that the defendant was entitled to a judgment because the plaintiff assumed the risk when he voluntarily placed himself in a position of danger. While the evidence might have authorized a finding for the defendant on this question, under the circumstances of this case the issue of assumption of the risk was for the jury to determine. *Thigpen v. Executive Committee,* 114 Ga. App. 839, 843 (152 SE2d 920).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*