## 48076. PATTERSON v. BUZZELL.

DEEN, Judge. The trial court directed a verdict in favor of the plaintiff and defendant appeals. The evidence establishes that the plaintiff's daughter, driving the vehicle to school, noticed that the gasoline gauge pointed to empty, but hoped to get to school and back home to obtain money for gasoline. On the way back her car ran out of gasoline while crossing a bridge. Without attempting to coast she cut to the curb and applied the brakes, left it in that position and started toward the nearest filling station. She did not raise the car hood; whether her blinker lights were on was disputed by the defendant. He, approaching from the rear, did not notice that the car was stopped until so close behind it that collision was inevitable, and the action was brought for the resulting property damages.

We cannot agree that the defendant's negligence was such a supervening proximate cause as to remove from the jury questions of contributory negligence on the part of the plaintiff's daughter in (1) continuing to drive a vehicle with knowledge that the tank recorder indicated empty, without regard to whether during the day she might not have made arrangements to obtain gasoline; (2) stopping the vehicle at about the middle of the bridge without attempting to coast to a safer position, and (3) failing (if the jury should believe the defendant) to indicate in any way that the vehicle was disabled.

One who knowingly and voluntarily takes a risk of injury, the danger of which is so obvious that the act of taking such risk in and of itself amounts to a failure to exercise ordinary care, cannot hold another liable,

although without the latter's negligence the injury would not have occurred. *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6). Questions of contributory and comparative negligence, as well as the doctrine of last clear chance, must be left to the jury unless the circumstances are such that they will support only one result. *Stone's Independent Oil Distributors v. Bailey,* 122 Ga. App. 294 (176 SE2d 613); *Bussey v. Dawson,* 224 Ga. 191 (160 SE2d 834). Without regard to the question raised of whether the verdict as directed was actually greater in amount than that stipulated between the parties, it is obvious that the jury might have found a lesser amount under comparative negligence principles.

The direction of the verdict was error.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED APRIL 2, 1973 — DECIDED APRIL 11, 1973.

*Jones, Cork, Miller & Benton, Rufus S. Sams, III,* for appellant.

*Martin, Snow, Grant & Napier, Wendell L. Bowden,* for appellee.