## 52748. STERN v. WYATT et al.

STOLZ, Judge.

The appellant, the widow of Morris K. Stern, sued the appellee for the wrongful death of her husband. The trial court granted summary judgment in favor of the appellee.

At about dusk on September 6, 1973, the appellee negligently lost control of her automobile near Interstate 285 in Atlanta. She broke through a chain-link fence and collided with Mr. Stern's car, which was traveling on the freeway. Stern's vehicle spun around and came to a stop facing the wrong direction in the middle of the three northbound lanes of traffic. Mr. Stern emerged from his car, appearing to suffer only from a cut lip, and reached a position of safety on the side of the highway to wait for the police. He was visibly upset and excited. Ten to twenty minutes later, before the police arrived, Stern returned to his car, apparently to obtain a piece of paper, and was killed by a passing car while in the roadway.

The appellee contends that these facts fail to show the existence of proximate cause linking the appellant's negligence with Mr. Stern's death and that, as a matter of law, Stern assumed the risk and failed to use ordinary care to avoid the appellee's negligence.

1. Summary judgment may not be granted if there is a genuine issue of material fact. Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238). We hold that in this case there exists a genuine issue of material fact as to proximate cause. "Questions of negligence and diligence and of cause and proximate cause and whose negligence constituted the proximate cause of the

plaintiff's injuries are, except in plain, palpable and indisputable cases, solely for the jury, and the courts will decline to decide such questions . . . unless reasonable minds cannot differ as to the conclusions to be reached." *Hardy v. Brooks,* 103 Ga. App. 124 (1) (118 SE2d 492) (1961); *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726) (1960).

In Georgia, the law regarding proximate cause has been stated as follows: " 'A defendant may be held liable where it appears that his negligence was the sole cause of the injury complained of, or that his negligence put in operation other causal forces which were the direct, natural, and probable consequences of the defendant's original act, or that the intervening agency could reasonably have been foreseen by the defendant as original wrong-doer.' " *Reid v. Modern Roofing &c. Works,* 89 Ga. App. 285, 289 (79 SE2d 31) (1953); *L. & N. R. Co. v. Ellis,* 54 Ga. App. 783 (2) (189 SE 559) (1936). See *Higdon v. Ga. Winn-Dixie,* 112 Ga. App. 500, 502 (145 SE2d 808) (1965); *Nat. Upholstery Co. v. Padgett,* 111 Ga. App. 842 (8) (143 SE2d 494) (1965); *Parsons, Inc. v. Youngblood,* 105 Ga. App. 583 (2) (125 SE2d 518) (1962). "There may be more than one proximate cause of an injury. *Shermer v. Crowe,* 53 Ga. App. 418 (3) (186 S. E. 224). It is no defense to an action for an injury resulting from negligence that the negligence of a third person contributed to cause the injury, if the negligence of the defendant was an efficient cause without which the injury would not have occurred. *Rollestone v. Cassirer,* 3 Ga. App. 161, 173 (59 S. E. 442)." *Ponder v. McKinzie,* 89 Ga. App. 846, 850 (81 SE2d 551) (1954); *Callahan v. Cofield,* 61 Ga. App. 780, 782 (7 SE2d 592) (1940). See *Buice v. Atlanta Transit System,* 105 Ga. App. 795, 796 (125 SE2d 795) (1969). "If the original negligent actor reasonably could have anticipated or foreseen the intervening act and its consequences, then the intervening act of negligence will not relieve the original actor from liability for the consequences resulting from the intervening act. *That is a jury question.*" *Perry v. Lyons,* 124 Ga. App. 211, 216 (183 SE2d 467) (1971). (Emphasis supplied.) See *Southern R. Co. v. Webb,* 116 Ga. 152 (42 SE 395, 59 LRA 109) (1902).

It is certainly possible that the appellee could have

foreseen the possibility of subsequent collisions with the Stern vehicle. It is a matter of common knowledge, at least to anyone with driving experience, that there is a very high possibility of subsequent collisions on a busy freeway. It is also likely that persons might be in or around the disabled vehicle after the collision, either due to injuries sustained from the collision, or for some valid purpose, such as to move obstructions, deliver warnings to others, or to retrieve personal property from the vehicle, and that such persons could be injured by any subsequent collisions. The appellant did not need to prove that the appellee might or should have seen the likelihood of the particular injury or harm, the extent of the harm, or the manner in which it occurred, but only that she should have anticipated that some injury or harm might result from her conduct. *Williams v. Grier,* 196 Ga. 327, 337 (26 SE2d 698) (1943); *Lewis v. Harry White Ford, Inc.,* 129 Ga. App. 318 (3) (199 SE2d 599) (1973); *Mullis v. Chaika,* 118 Ga. App. 11 (1) (162 SE2d 448) (1968).

The appellee cited several cases which would appear to uphold the summary judgment below. In *Davis v. City of Toccoa,* 93 Ga. App. 155 (91 SE2d 89) (1955), a delivery truck negligently blocked an alley and the city negligently allowed the alley to be blocked. An impatient driver later killed a pedestrian by backing out of the alley when he could not travel through it. In sustaining demurrers as to the city and the delivery vehicle's owner, the court noted that the acts of negligence in blocking the alley were so harmless as not to normally result in injury and that those defendants were under no duty to anticipate the latter acts of negligence. In the instant case, the subsequent negligent acts and injuries were much more to be expected. *Millirons v. Blue,* 48 Ga. App. 483 (173 SE 443) (1933) and *Hodge v. Dixon,* 119 Ga. App. 397 (167 SE2d 377) (1969), have been distinguished, explained, and not followed to such an extent as to serve as unpersuasive precedent. See *Perry v. Lyons,* 124 Ga. App. 211, 218 (183 SE2d 467) (1971).

Since the appellee was negligent in creating the dangerous situation in the instant case, and since there are facts and favorable inferences by which a jury could conclude that the subsequent occurrences were a natural

and foreseeable result that did not so preponderate as to insulate the appellee from liability, the issue of proximate cause should be submitted to the jury for determination.

2. For the reasons discussed above, there exists a genuine issue of material fact as to assumption of risk and use of ordinary care to avoid the negligence of another. These issues properly address themselves to the jury and not the court (*Bli Const. Co. v. Debari,* 135 Ga. App. 299, 301 (217 SE2d 426) (1975)), and they will be decided as a matter of law only in "plain and palpable cases." *North DeKalb Little League v. Holland,* 119 Ga. App. 439 (1) (168 SE2d 169) (1969).

In the present case, these questions are not so "plain and palpable," since there are facts and favorable inferences from the evidence by which a jury could find that the decedent's actions were either a reasonable response to the dangerous situation created by the appellee's negligence, or that his actions resulted from an impairment of his judgment due to the injuries and agitation naturally resulting from the appellee's negligence.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 22, 1976 — DECIDED NOVEMBER 19, 1976 — REHEARING DENIED DECEMBER 8, 1976 —

*Johnson, Harper, Ward & Stanfield, Cullen M. Ward, William C. Lanham,* for appellant.

*Hurt, Richardson, Garner & Todd, T. Cullen Gilliland, Frederick M. Gleaton, Arthur Glaser, Harris Bostic,* for appellees.