## 32871. WILLIAMS v. KENNEDY.

BOWLES, Justice.

Appellant filed suit against the appellee in the Superior Court of Richmond County, seeking to recover for damages arising out of an automobile collision. Appellant alleged that as the sole and proximate result of appellee's negligence, she had suffered damages for pain and suffering. Following a trial of the case, the jury returned a verdict in favor of the appellee. Appellant's motion for new trial was denied, and she now appeals.

1. In appellant's first enumeration of error it is argued that the trial court erred in charging the law of negligence.

The appellant contends that there was no conflict in the evidence as to the manner in which the collision occurred, and that, therefore, the court should have instructed the jury that the probable cause of the collision *was* the negligence of the appellee. We cannot agree.

It is well settled in Georgia, that "[Q]uestions of negligence, diligence, contributory negligence and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases." *Bussey v. Dawson,* 224 Ga. 191, 193 (160 SE2d 834) (1968); *Maddox, Bishop, Hayton &c. v. Lambdin,* 123 Ga. App. 61 (179 SE2d 310) (1970); *Simpson v. Dotson,* 133 Ga. App. 120 (210 SE2d 240) (1974).

We have thoroughly reviewed the evidence in this case, and cannot say that the appellee's negligence was the sole proximate cause of the collision as a matter of law. There being a factual issue of negligence, the trial court did not err in charging the law in that regard.

2. In her second enumeration of error the appellant

argues, in the alternative, that the trial court erred in failing to charge the law of comparative negligence.

Appellant neither requested a charge on comparative negligence nor objected to the court's failure to charge the law of comparative negligence. A party in a civil case cannot complain of the giving or failure to give instructions to the jury, unless he objects thereto before the jury returns its verdict. Code Ann. § 70-207 (a). Appellant's failure to request a charge in writing or to object to the court's failure to charge comparative negligence precludes him from asserting this as error before this court.

Notwithstanding, the appellant contends that Code Ann. § 70-207 (c) controls. The exception to the rule found in Code Ann. § 70-207 (c) (harmful as a matter of law) is inapplicable "unless it appears that the error contended is 'blatantly apparent and prejudicial' (*Hollywood Baptist Church v. State Highway Dept.* 114 Ga. App. 98, 99 (3) (150 SE2d 271) [1966]), and that a gross miscarriage of justice attributable to it is about to result. *Nathan v. Duncan,* 113 Ga. App. 630, 638 (6b) (149 SE2d 383)." *Metro. Transit System v. Barnette,* 115 Ga. App. 17 (153 SE2d 656) (1967); *Sullens v. Sullens,* 236 Ga. 645 (224 SE2d 921) (1976); *Durrett v. Farrar,* 130 Ga. App. 298, 306 (203 SE2d 265) (1974).

Appellant's enumeration of error does not meet the test set forth in Code Ann. § 70-207 (c), and, therefore, the appellant is precluded from asserting the claimed error on appeal.

3. Appellant's third enumeration of error contends that the trial court erred in charging the jury that the appellant could not recover against appellee unless she had suffered a serious injury as defined in Code Ann. § 56-3402b (j), in that said Code section violates both the due process and equal protection clauses of the United States and Georgia Constitutions, and is, therefore, unconstitutional.

Under the Georgia Motor Vehicle Reparations Act (Code Ann. Chapter 56-34B), an insured person is "exempt from liability to pay damages for non-economic loss unless the injury is a *serious injury* as defined in subsection (j) of section 56-3402b." (Emphasis supplied.)

Code Ann. § 56-3410b(a). Thus, the "threshold"requirement for seeking recovery for pain and suffering (noneconomic loss) is met when the accident gives rise to a situation wherein a "serious injury" as defined in Code Ann. § 56-3402b (j), is incurred.

Almost half the states have enacted no fault insurance laws of one kind or another. See AmJur2d, New Topic Service, No Fault Insurance § 1 (1973). Several courts have decided similar constitutional challenges to no fault laws. Pinnick v. Cleary, 360 Mass. 1 (271 NE2d 592) (1971); Opinion of the Justices, 113 N. H. 205 (304 A2d 881) (1973); Manzanares v. Bell, 214 Kan. 589 (522 P2d 1291) (1974); Lasky v. State Farm Ins. Co., 296 S2d 9 (Fla. 1975); Montgomery v. Daniels, 38 N. Y. 2d 41 (340 NE2d 444) (1975); Gentile v. Altermatt, 169 Conn. 267 (363 A2d 1) (1975); Fann v. McGuffey, 534 SW2d 770 (Ky. 1975).

Recently, in *Andrews v. State,* 238 Ga. 433 (233 SE2d 209) (1977), we held that the mandatory requirement for insurance coverage as required by Chapter 56-34B was not unconstitutional as violative of due process, First Amendment rights, and unlawful exercise of police power by the state, citing with approval Manzanares v. Bell, supra; Lasky v. State Farm Ins. Co., supra; and Pinnick v. Cleary, supra.

What has been written in these decisions on the due process and equal protection issues raised by the appellant obviates any need for further elaboration here. Suffice it to say, that, in our opinion, these constitutional protections are not violated and, therefore, the definition of "serious injury" found in Code Ann. § 56-3402b (j) is not unconstitutional for any reason assigned.

4. In her final enumeration of error the appellant contends there is no evidence to support the jury's verdict and, therefore, the court erred in denying appellant's motion for new trial based on the general grounds.

"[T]his court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight is a question the law vests in the trial judge's discretion. He

may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." *Adler v. Adler,* 207 Ga. 394, 405 (61 SE2d 824) (1950); *Titshaw v. Carnes,* 226 Ga. 430 (175 SE2d 541) (1970).

The court charged the jury that "the plaintiff cannot recover against the defendant in this action for non-economic loss, for pain and suffering unless you should first find from the evidence that the plaintiff, Elizabeth Williams, suffered a serious injury as hereinafter defined. Serious injury as used herein means an . . . *injury resulting in reasonably incurred medical expenses exceeding $500.00.*" (Emphasis supplied.)

From a careful review of the record in this case, it is clear that the jury was authorized to find from the evidence that appellant's medical expenses were not reasonably incurred as a result of the accident. The evidence was sufficient to support the jury's verdict and the trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED OCTOBER 13, 1977 — DECIDED NOVEMBER 8, 1977.

*Harris, McCracken, Pickett & Jackson, William R. McCracken,* for appellant.

*Burnside, Dye, Miller & Bowen, James B. Wall, A. Montague Miller,* for appellee.