61357. McNEW et al. v. ARRINGTON.

SOGNIER, Judge.

Jack and Maryann McNew appeal a judgment against them in this personal injury action, contending the trial court erred by denying their motion for judgment notwithstanding the verdict.

Appellants' 12-year-old niece, Sheila Blackman, was babysitting for appellants over the weekend. During appellants' absence she removed a Passport Scotch bottle from a cupboard over the refrigerator where appellants kept their whiskey. Sheila poured a portion of the contents, which she thought was Scotch whiskey, into a

jar. When she left the following afternoon her aunt drove Sheila to her grandmother's house; Sheila concealed the jar from her aunt. Thereafter Sheila was playing outside with some other children and asked Phillip Arrington, the 12-year-old appellee, if he wanted a drink of "booze"; appellee took one swallow and immediately felt a burning sensation in his throat and esophagus. Sheila took a drink and immediately spit it out. The liquid in the Scotch bottle was in fact a lye solution which Maryann McNew had placed in the Passport Scotch bottle. Phillip Arrington was hospitalized as a result of drinking the solution. This action was brought to recover damages for his injury.

Appellants contend their negligence, if any, was not the proximate cause of appellee's injury, and such injury was not the natural and probable consequence of such negligence. They contend that a reasonably prudent person could not have foreseen the actions resulting in appellee's injury, as such an occurrence is only remotely and slightly probable. Finally, they contend that their niece's action in taking the solution was an independent intervening act of a third person causing the injury, thereby relieving appellants of responsibility for the injury.

The evidence disclosed that Maryann McNew had put a lye solution in the bottle and had not labelled it; she considered the lye to be out of the reach of children, and did not feel negligent in having it in the cabinet. Sheila Blackman testified that while she was at appellants' house, Jack McNew offered her two drinks of Scotch and coke, which she accepted. While appellants were shopping, Blackman stood on a chair and got the Passport Scotch bottle from the cupboard; she had seen her uncle get a bottle from the same cupboard when he had given her the two drinks earlier. Jack McNew denied giving any alcoholic drinks to Sheila.

In an earlier case where a guest in the defendant's home, being ignorant of its poisonous character, drank some poisonous liquor and was injured thereby, we held that a person with knowledge that liquor within his control contains a poisonous substance, or whose lack of knowledge under the circumstances is negligence, carelessly leaves the liquor where he knows, or by the exercise of reasonable care should know that one lawfully on the premises might find and drink the liquor, not knowing it was poisonous, is liable to his guest for any resulting injury. *Keiley v. Bristol,* 30 Ga. App. 725 (4), 726 (119 SE 334) (1923). In the instant case the guest (invitee) was not injured, but one of her playmates was injured; therefore, appellants contend Sheila's action was an intervening cause and they are not liable. However, the poison was in a place where Sheila knew appellants' liquor was kept, and because it was in a bottle labelled Passport

Scotch whiskey, was readily mistaken for a consumable liquid. "In Georgia, the law regarding proximate cause has been stated as follows: ' "A defendant may be held liable where it appears that his negligence was the sole cause of the injury complained of, or that his negligence put in operation other causal forces which were the direct, natural, and probable consequences of the defendant's original act, or that the intervening agency could reasonably have been foreseen by the defendant as original wrong-doer." ' [Cits.]" *Stern v. Wyatt,* 140 Ga. App. 704, 705 (231 SE2d 519) (1976). Whether Sheila's distributing it to a third person makes her an intervening cause is a question of fact for the jury, as is the question of foreseeability. Id., at 704-705. The jury determined those issues adversely to appellants, and the evidence is sufficient to support the verdict. Accordingly, the trial court did not err in denying appellants' motion for a directed verdict and their motion for judgment notwithstanding the verdict.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MAY 1, 1981.

*W. M. Fulcher,* for appellants.
*John C. Bell, Jr.,* for appellee.