## 67105. HERCULES, INC. v. LEWIS et al.

DEEN, Presiding Judge.

On January 2, 1979, the appellant, Hercules, Inc., leased certain truck trailers to Alliance Services, Inc. (Alliance), which were used by the latter in its wood-hauling operations. Under that leasing agreement, Alliance was responsible for maintaining and repairing the trailers. On or about August 22, 1980, while hauling a load of pine stumps on one of the trailers leased from the appellant, a lease operator for Alliance experienced mechanical difficulty with the trailer and abandoned it on the side of Highway 221 in Jeff Davis County. The rear of the trailer was parked under or near 4 electrical power lines of the Satilla Rural Electrical Company. After being informed of the abandonment, the appellant contacted Alliance's dispatcher, who advised that Alliance intended to send its service truck to make the necessary repair.

On or about September 7, 1980, the trailer still had not been removed, and Greg Batten, Bruce Bohannon, and Marty Sanders set the trailer on fire. (All three entered pleas of nolo contendere on subsequent charges of arson in the second degree.) Either the flames or the heat from the fire downed the overhead electrical wires. Johnny Lewis, one of the firemen attempting to put out the fire, was unaware of the downed wires, came in contact with one, and was electrocuted.

Johnny Lewis' widow brought this action for wrongful death against the appellant, Alliance, Alliance's insurer, and the three arsonists. The appellant moved for summary judgment on the grounds that as a matter of law any negligence attributable to the appellant could not be considered the proximate cause of the death of the fireman because of the independent, intervening criminal act. The trial court denied the motion, and this interlocutory appeal followed. *Held:*

"To state a cause of action for negligence, there must be a legally attributable causal connection between the defendant's conduct and the alleged injury." *Rosinek v. Cox Enterprises,* 166 Ga. App. 699, 700

(305 SE2d 393) (1983); see also *Bradley Center v. Wessner,* 250 Ga. 199 (296 SE2d 693) (1982). The inquiry is not whether the defendant's conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery. *McAuley v. Wills,* 251 Ga. 3 (303 SE2d 258) (1983). In Georgia, questions of negligence and proximate cause are ordinarily reserved for the jury, but in plain and undisputed cases the court may make a determination as a matter of law. *Williams v. Kennedy,* 240 Ga. 163 (240 SE2d 51) (1977); *Warner v. Arnold,* 133 Ga. App. 174 (210 SE2d 350) (1974). We find this to be such a case.

Generally, an independent, intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury and thus superseding any negligence of the defendant; if the intervening criminal act is a reasonably foreseeable consequence of the defendant's negligent conduct, the legal, causal connection between that conduct and injury is not broken. *Andrews & Co. v. Kinsel,* 114 Ga. 390 (40 SE - 300) (1901); *Bradley Center v. Wessner,* supra; *Rosinek v. Cox Enterprises,* supra. However, "one is not ordinarily charged with the duty of anticipating acts mala per se . . ." *Bozeman v. Blue's Truck Line,* 62 Ga. App. 7, 11 (7 SE2d 412) (1940); *Andrews & Co. v. Kinsel,* supra.

In this case, there simply was no evidence that would authorize a finding that the criminal act of arson was a reasonably foreseeable consequence of leaving the trailer on the side of the rural highway even for 2-3 weeks. The local law enforcement officers, as well as the chiefs of both the Jeff Davis County and City of Hazlehurst fire departments, did not consider burning of the trailer in such a situation to be reasonably foreseeable. Indeed, this incident was the first such occurrence during the sheriff's 18-year tenure.

In evaluating the evidence, the trial court identified the foreseeable risk as one of fire hazard generally. However, the uncontradicted cause of the fire was arson, and the doctrine of superseding, intervening criminal acts may not be avoided simply by generalizing the classification of risk. The appellee notes that in most of the cases involving the doctrine of intervening criminal acts, the injury was the intended result of the criminal act, and urges that the doctrine should not apply in the instant case, where the injury was not intended by arsonists. We find that observation actually to support the holding that the causal connection between the appellant's alleged negligence and the death of the fireman is too remote to countenance a recovery.

There having been no evidence to demonstrate the existence of

reasonable cause to foresee the act of arson on the trailer, any negligence attributable to the appellant from the abandonment of the trailer was superseded by the criminal act of the three arsonists, and the trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 20, 1983 —
REHEARING DENIED NOVEMBER 1, 1983 —

*Wallace E. Harrell, James E. Graham,* for appellant.
*Ken W. Smith, John E. Bumgartner, Richard A. Brown, Jr., J. Franklin Edenfield, Bruce M. Walker,* for appellees.