### 70210. COLLIE v. HUTSON et al.
(334 SE2d 13)

DEEN, Presiding Judge.

Claude Collie was shot and killed by one Franklin, an escaping felon, using a .357 magnum which he had wrested from a sheriff's deputy during a successful escape attempt shortly before the shooting incident. Collie's widow brought a wrongful death action against, *inter alios*, appellees Hutson (the sheriff) and deputies King and Campbell, alleging that the proximate cause of her husband's death was appellees' negligence in permitting him to escape from custody while King and Campbell were transporting him to and from a dentist's office.

The Cobb County Superior Court granted summary judgment to

these three defendants on the grounds that they were not negligent; that they had not acted wilfully, corruptly, or maliciously; that the escapee's act was unforeseeable; and that the defendants neither should have anticipated the killing nor had in any way been connected with it. Appellant enumerates as error the trial court's rulings that, as a matter of law, (1) the death was not proximately caused by appellees' negligence in permitting Franklin to escape, and (2) appellees were not negligent with reference to the events occurring subsequent to the escape, including Collie's death. *Held*:

1. We are persuaded by the record in the instant case that there was sufficient evidence to authorize the trial court to find that appellees had no reason to expect that any of the prisoners transported to the dentist's office on the day of the escape and fatal shooting would attempt an escape, and that appellees' conduct did not constitute negligence as a matter of law. Appellant's first enumeration is therefore without merit.

2. "Generally, an independent, intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury . . . superseding any negligence of the defendant . . . [unless] the intervening criminal act is a reasonably foreseeable consequence of the defendant's negligent [act]. . . ." *Hercules, Inc. v. Lewis*, 168 Ga. App. 688, 689 (309 SE2d 865) (1983); see also OCGA §§ 51-12-8; 51-12-9; *Henderson v. Dade Coal Co.*, 100 Ga. 568 (28 SE 251) (1897). Although under Georgia law questions of negligence and proximate cause are ordinarily for the jury, plain and indisputable cases may be decided by the court as a matter of law. *Hercules, Inc. v. Lewis*, supra; *Williams v. Kennedy*, 240 Ga. 163 (240 SE2d 51) (1977); *Bussey v. Dawson*, 224 Ga. 191 (160 SE2d 834) (1968). In such plain cases "[t]he inquiry is not whether the defendant's conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery." *Hercules, Inc. v. Lewis*, supra at 689; *McAuley v. Wills*, 251 Ga. 3 (303 SE2d 258) (1983); *Henderson v. Dade Coal Co.*, supra.

Our scrutiny of the record in the instant case, as well as of relevant statutory and case law, leads us to agree with the trial court's conclusion that the fact pattern in the case *sub judice* is more analogous to that of *Henderson v. Dade Coal Co.*, supra, than to that of, e.g., *Bradley Center v. Wessner*, 250 Ga. 199 (296 SE2d 693) (1982) (hospital gave mental patient unrestricted pass despite actual knowledge of violent tendencies and homicidal designs towards ex-wife). The trial court was correct in holding that appellees' conduct, while a cause in fact of the death of appellant's decedent, was "too remote to be the basis of recovery . . ." OCGA § 51-12-8; see also OCGA § 51-12-9.

3. In light of our holdings in Divisions 1 and 2, supra, we find that the judgment below is in compliance with the criteria for summary judgment set out in OCGA § 9-11-56 (c). We therefore affirm the judgment of the trial court awarding summary judgment to appellees.

*Judgment affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope, and Benham, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

" 'To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery and under every theory fairly drawn from the pleadings and evidence [cits.] and if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff.' [Cit.]" *Waller v. Transworld Imports,* 155 Ga. App. 438, 439 (271 SE2d 1) (1980), quoted and applied in *Jordan v. Atlanta Neighborhood Housing Svcs.,* 171 Ga. App. 467, 468 (320 SE2d 215) (1984), wherein it was further said: "On motion for summary judgment made by the defendant, all evidence most favorable to the [plaintiffs] position, including their own testimony, will be taken as true." Id. The opposing party must be given the benefit of all reasonable doubts and all favorable inferences. *Eiberger v. West,* 247 Ga. 767, 769 (1) (281 SE2d 148) (1981).

The court here sustains the ruling of the trial court, thereby approving that court's legal conclusion to the effect that no duty had been breached by defendants and further, that their actions (or inactions) were not the proximate cause of the death of plaintiff's husband. Thus we have at issue essentially three of the four elements necessary to a cause of action for negligence in Georgia: " '(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; . . .' [Cit.]" *Bradley Center v. Wessner,* 250 Ga. 199, 200 (296 SE2d 693) (1982).

As to duty and breach, the sheriffs had custody of a prisoner who had not yet been tried but was facing a possible conviction for armed robbery with a minimum sentence of five years' imprisonment and a maximum of twenty years or life. OCGA § 16-8-41. Two deputies were taking him and three others out into the community to a dentist's office near a residential area. The deputies knew this prisoner was charged with a felony. After he did escape with one of the deputy's .357 magnums, certain actions were taken and others were not, by defendants, with respect to recapturing the prisoner and warning the community.

With respect to the duty element, there are questions of fact to be resolved by a jury upon an unfolding of all of the evidence. I could not say as a matter of law that it was not reasonably foreseeable that a prisoner would try to escape under the circumstances here, or that a prisoner in so doing would not try to (and succeed) in wresting a gun from one of his two custodians, or that he would use the gun while escaping. Nor could I say as a matter of law that these events were not foreseeable if the departmental rules and procedures for safety were not followed. There was evidence that they were not adhered to. Negligent attention to responsibility may itself render dire consequences foreseeable.

Whether the sheriffs owed a duty of care to plaintiff's decedent, who as a member of the general public lived in close proximity to the dentist's office where the person accused of being a felon was being taken, remains to be seen. Even if no specific legal duty was imposed, that articulated in *Bradley Center v. Wessner*, supra at 201, applied: "The legal duty in this case arises out of the general duty one owes to all the world not to subject them to an unreasonable risk of harm . . . 'negligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm.' Restatement, Torts, 2d, § 282."

Much is made here of the fact that a third person is the one who actually shot Mr. Collie. But that does not take the occurrence beyond the scope of defendants' legal duty as sheriffs here: "as a general rule, there is no duty to control the conduct of third persons to prevent them from causing physical harm to others. [Cits.] . . . [H]owever, . . . one of the exceptions to that rule applies here because of the special relationship which existed between [the sheriffs] and [plaintiff's decedent as a member of the immediate public]: 'One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.' [Cits.]" *Bradley Center*, supra at 201-202. In that case, the jury verdict for plaintiff was affirmed because it was reasonably foreseeable that the mental patient would kill and thus his release was negligent.

In an analogous, but much less compelling setting than exists here, the foreseeability of criminal acts by a third person affects the liability of proprietors of premises: "if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed . . ." he would not be "insulated from liability by the intervention of an illegal act which is the proximate cause of the injury." *McClendon v. C & S Nat. Bank,* 155 Ga. App. 755, 756 (272 SE2d 592) (1980). Tort liability is proper in cases "in which the intervening criminal acts may be foreseeable." *Bradley Center,* supra

at 202.

This reaches also the element of proximate cause. " '[T]he jury should properly pass on the questions of . . . foreseeability, [and] intervening causation,' as well as other questions not here involved." *Lay v. Munford, Inc.*, 235 Ga. 340 (219 SE2d 416) (1975). There it was further said: "The question of reasonable foreseeability and the statutory duty [there imposed by now OCGA § 51-3-1] to exercise ordinary care to protect the plaintiff in the circumstances of this case, is for a jury's determination rather than summary adjudication by the courts." Id. at 341.

I would hold that the same applies to the particular duties of the sheriffs here, and to whether, if they failed in the exercise thereof, such negligence proximately caused Mr. Collie's death. One of the exceptions to the rule of remoteness, when considering proximate cause, is whether the custodian of the prisoner "had reasonable grounds for apprehending that [the criminal tort] would be committed." *Henderson v. Dade Coal Co.*, 100 Ga. 568 (28 SE 251) (1897). As to the element of proximate cause, see further *Stern v. Wyatt*, 140 Ga. App. 704 (1) (231 SE2d 519) (1976). The court can certainly charge on the questions of remoteness. OCGA § 51-12-8. I do not think this is a "plain, palpable and indisputable case" in which the court may make a determination as a matter of law as to these elements. *Stern v. Wyatt*, supra. Cf. *Hercules, Inc. v. Lewis*, 168 Ga. App. 688, 689 (309 SE2d 865) (1983).

DECIDED JULY 10, 1985 —
REHEARING DENIED JULY 31, 1985 —

*Dana L. Jackel, James D. Coots*, for appellant.
*Jordan Prosser, Jerry L. Gentry*, for appellees.