## A97A0795. BROWN et al. v. MOBLEY et al.
(488 SE2d 710)

McMURRAY, Presiding Judge.

Plaintiffs Ruby Brown, individually and as next friend of Eldrowdo Bloodworth, and Eldrowdo Bloodworth, individually, brought this action alleging Eldrowdo Bloodworth was injured in a single car collision because defendants Sharon C. Mobley, the car's driver, and Dora Colson, the car's owner, allowed Tony Mobley to ride in the car's front seat while he was grossly intoxicated.[1] The evidence adduced upon defendants' joint motion for summary judgment reveals that Dora Colson loaned her car to Sharon Mobley, late in the evening on January 15, 1994, to drive Tony Mobley and his family home. While en route, Tony Mobley — already grossly inebriated — lost his remaining composure because another passenger refused to give him more liquor. After threatening the car's occupants, Tony Mobley reached over a passenger that was seated next to him in the car's front seat, grabbed the steering wheel and pulled the vehicle off the road. The car hit a tree and flipped, injuring Eldrowdo Bloodworth and killing another passenger. Tony Mobley was later convicted for several offenses, including involuntary manslaughter and reckless conduct. Finding that Tony Mobley's criminal behavior was the sole proximate cause of the collision, the trial court granted defendants' joint motion for summary judgment. We affirm because Tony Mobley's intervening criminal conduct was not a reasonably foreseeable consequence of Dora Colson's and Sharon Mobley's alleged negligence.

Although the details of the incident are somewhat clouded,

---

[1] Tony Mobley is also a defendant in this action, but he is not a party to this appeal.

Eldrowdo Bloodworth's affidavit provides the proper perspective for appellate review. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Bloodworth deposed, in pertinent part, as follows: "On or about January 15, 1994, I was a passenger in a 1990 Pontiac 6000 LE automobile being driven by Sharon C. Mobley which was involved in a one car wreck. [Before] the wreck, Robert James Colson brought Tony Mobley, Joann Jenkins and Denise Jenkins to the home of Sharon Mobley. Sharon Mobley lived next door to Dora Colson and I was at Sharon Mobley's home that evening.

"Tony Mobley was drinking when he came to Sharon Mobley's home. He had a big bottle of liquor, that I believe was gin, with him that he was drinking at Sharon Mobley's home.

"Tony Mobley was stumbling, staggering and shouting. He was drunk and was acting mad at Sharon Mobley and her boyfriend, Glen Bloodworth. Tony Mobley got in Glen Bloodworth's face and was cussing and shouting at Glen Bloodworth while Glen Bloodworth was sitting at a table with Sharon Mobley. He called Glen Bloodworth bad names with cuss words and was being very loud and aggressive. Tony Mobley said he was mad that Glen Bloodworth was living in his deceased brother's home (Samuel Mobley, who is deceased, was the husband of Sharon Mobley and the brother of Tony Mobley). Tony Mobley's actions made Sharon Mobley and Glen Bloodworth stop the card game that they had been playing at the table.

"Tony Mobley then left Sharon Mobley's home and went to the home of Dora Colson and began 'raising a ruckus' with Dora Colson at her house. He was still staggering and stumbling and being loud and aggressive and he fell down the front steps of Dora Colson's home in front of Dora Colson.

"My grandmother, Dora Colson, and Sharon Mobley decided for Sharon Mobley to take Tony Mobley, Joann Jenkins and Denise Jenkins home. . . . Sharon Mobley's daughter . . . was in the car at first, but Dora Colson and Sharon Mobley told her to get out and told me to go instead and help Sharon Mobley get Tony Mobley into the car and out of the car when he got home. . . . While we were getting into the car, Joann Jenkins carried the bottle of liquor that Tony had been drinking from into the car in plain view of Sharon Mobley.

"Shortly after we left, Tony Mobley began asking for the bottle of liquor that Joann Jenkins had in the back seat. He said that if they did not give him his bottle of liquor, 'I'll kill all of you,' in a very mean and aggressive manner. Sharon Mobley did not attempt to stop the car or pull over at that time or at any time. Tony Mobley continued to demand his bottle of liquor several more times. He then made a threatening gesture toward the steering wheel. Sharon Mobley did not attempt to stop the car or pull over at that time or at any time. He continued to demand his bottle of liquor, and he eventually

grabbed the steering wheel and the car ran off the road." *Held*:

In four enumerations of error, plaintiffs contend the trial court erred in granting Dora Colson's and Sharon Mobley's motion for summary judgment, arguing that genuine issues of material fact remain as to these defendants' liability for allowing Tony Mobley to ride in the car's front seat.

" 'Generally, an independent, intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury . . . superseding any negligence of the defendant . . . (unless) the intervening criminal act is a reasonably foreseeable consequence of the defendant's negligent (act). . . .' *Hercules, Inc. v. Lewis*, 168 Ga. App. 688, 689 (309 SE2d 865) (1983); see also OCGA §§ 51-12-8; 51-12-9; *Henderson v. Dade Coal Co.*, 100 Ga. 568 (28 SE 251) (1897). Although under Georgia law questions of negligence and proximate cause are ordinarily for the jury, plain and indisputable cases may be decided by the court as a matter of law. *Hercules, Inc. v. Lewis*, supra; *Williams v. Kennedy*, 240 Ga. 163 (240 SE2d 51) (1977); *Bussey v. Dawson*, 224 Ga. 191 (160 SE2d 834) (1968). In such plain cases '(t)he inquiry is not whether the defendant's conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery.' *Hercules, Inc. v. Lewis*, supra at 689; *McAuley v. Wills*, 251 Ga. 3 (303 SE2d 258) (1983); *Henderson v. Dade Coal Co.*, supra." *Collie v. Hutson*, 175 Ga. App. 672, 673 (2) (334 SE2d 13).

In the case sub judice, Dora Colson's and Sharon Mobley's knowledge that Tony Mobley was drunk and ill tempered before the fatal collision provides no basis for allowing a jury to decide whether defendants could have, or should have, reasonably anticipated the intervening criminal behavior which caused Sharon Mobley to lose control of Dora Colson's car. Specifically, we reject — as a matter of policy — plaintiffs' premise (with regard to Dora Colson's liability) that it is inherently dangerous to arrange for the home transport of an ill-tempered, irrational drunkard. Any such holding would discourage responsible citizens from preventing intoxicated individuals from driving on Georgia's roads and highways. Further, the record does not indicate that Sharon Mobley should have or could have reasonably anticipated Tony Mobley's interference with her operation of Dora Colson's vehicle. Sharon Mobley deposed that "[o]n ten to fifteen separate occasions prior to January 15, 1994, Tony Mobley had been a front seat passenger in a car with [her] while [she] was driving[; that] on at least three of those occasions he was intoxicated [and that] on those previous occasions he did not attempt in any way to interfere with [her] driving." Plaintiffs, nonetheless, argue that Tony Mobley's "threatening gesture toward the steering wheel" before com-

mandeering the car and his threat, " 'I'll kill all of you,' " raise genuine issues of material fact as to Sharon Mobley's knowledge of Tony Mobley's impending criminal behavior. We do not agree.

Although Eldrowdo Bloodworth deposed that Sharon Mobley observed Tony Mobley, before the collision, when he "got in Glen Bloodworth's face and was cussing and shouting at Glen Bloodworth," there is no proof that Tony Mobley carried out any violence against Glen Bloodworth or any other person before the fatal collision. Indeed, Eldrowdo Bloodworth's own affidavit reveals that Tony Mobley's "threatening gesture toward the steering wheel" and his threat, " 'I'll kill all of you,' " were nothing more than a continuation of Tony Mobley's "aggressive" posturing and idle profanity. There is no evidence that Sharon Mobley should have anticipated Tony Mobley's suicidally criminal act before the fatal collision. Since plaintiffs have not shown that Tony Mobley's criminal behavior was reasonably foreseeable, we cannot say the trial court erred in granting Dora Colson's and Sharon Mobley's joint motion for summary judgment.

*Judgment affirmed. Beasley, J., concurs. Smith, J., concurs specially and in the judgment only.*

SMITH, Judge, concurring specially and in the judgment.

I concur in the judgment only. In my opinion, whether a severely intoxicated, angry, verbally abusive individual might act in an irrational manner, as did Tony Mobley on the night of the collision, might ordinarily be an issue of fact. In this circumstance, however, even assuming that the driver had knowledge that Mobley might act in an irrational dangerous manner, Bloodworth should not recover. He testified by affidavit that Mobley was drinking and had a "big bottle of liquor" that Bloodworth believed to be gin; that Mobley was "stumbling, staggering, and shouting" and was "acting mad"; and that Mobley was cursing, shouting, and was being very loud and aggressive prior to entering the front seat of the car driven by Sharon Mobley. Bloodworth clearly possessed as much knowledge as did the driver or anyone else of Mobley's condition, yet he chose to ride in the car as well. To that extent, Bloodworth assumed the risk of riding in the car with an obviously intoxicated, irrational individual, who was a front seat passenger. Bloodworth cannot recover.

DECIDED JULY 3, 1997.

*Williams, Sammons & Sammons, George L. Williams, Jr., Walter G. Sammons, Jr.,* for appellants.

*Miller & Towson, Wallace Miller III, John D. Raines III*, for appellees.